PER CURIAM.
Although fundamental error may be raised by collateral attack through motion for post-conviction relief, Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), aff’d, 363 So.2d 331 (Fla.1978), the failure of the indictment charging the defendant with robbery under Section 812.13, Florida Statutes (1975) to expressly allege the element of specific intent was not fundamental error, Green v. State, 414 So.2d 1171 (Fla. 5th DCA), pet. for rev. denied, 422 So.2d 842 (Fla.1982), and the mere fact that the indictment was defective, Bell v. State, 394 So.2d 979 (Fla.1981); Green v. State, supra, is not properly presented by way of motion to vacate pursuant to Florida Rule of Criminal Procedure 3.850 because it could have been raised on the defendant’s direct *172 appeal, Gonzalez v. State, 410 So.2d 657 (Fla. 3d DCA 1982), but was not. Ashley v. State, 350 So.2d 839 (Fla. 1st DCA 1977); see Alvord v. State, 396 So.2d 184 (Fla.1981). The same fate befalling the defendant’s argument concerning an improper jury instruction, Brill v. State, 350 So.2d 1141 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 128 (Fla.1978), we affirm the trial court’s order denying the Rule 3.850 motion after evidentiary hearing.
Affirmed.