PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
The contention here is that at the time of trial appellant was under the influence of prescribed medication administered while he was incarcerated which could have caused an alteration in his mental condition to the extent that he was unable to make rational decisions or otherwise assist in the preparation of a defense. He alleges that during the trial he was taking Serentil (a major tranquilizer) 200 mg. twice a day, Cogentin 2 mg. once a day, Benedryl 50 mg. once a day, and Thorazine 200 mg. three times a day. The record reflects that appellant abandoned the defense of not guilty by reason of insanity on November 3, 1980, shortly before trial. Also in the record is a letter written by the physician who treated appellant at South Florida State Hospital confirming that at some time prior to trial he had prescribed and supervised the administration of the same type of medication, and opining that if the Thorazine medication had continued through the time of trial in such dosage as *1042 is ordinarily prescribed, then appellant would have been unable to assist in the preparation of a defense. Because the trial court failed to conduct an evidentiary hearing or attach portions of the record which conclusively refute appellant’s assertions, we are unable to determine whether denial of the relief was proper.
On remand, the trial court may either again summarily deny the motion and attach to its order those portions of the record which conclusively show that appellant is entitled to no relief, or hold an evidentiary hearing and then rule on the motion. Wilson v. State, 430 So.2d 554 (Fla. 2d DCA 1983).
Reversed and remanded for further proceedings.