NESBITT, Judge.
The husband appeals the order denying his motion for the return of a cash appearance bond. We vacate the order.
The factual and procedural history of this case is in somewhat of a confused state. Pursuant to a dissolution judgment, the husband was directed to pay the wife $750.00 a month as child support for their three children. The husband fell into arrears and the wife filed motions to determine sums due and for contempt. The husband filed a motion for modification of child support.[1] The matter was twice referred to a general master. In a report of the general master dated September 6, 1984, the master found that the husband was in arrears in the amount of $19,918.83, and that the husband had been able to make the required payments. The master, therefore, recommended that the husband be held in contempt, but that he be allowed to purge himself of the contempt by paying to the wife the currently due monthly support payment of $750.00 as well as $2,500.00 against the past due arrearages. Finally, the master recommended that should the husband fail to make the said payments, the court should enter an order requiring the husband to appear before the court “for hearing and sentencing on the contempt found herein.” No exceptions to the general master’s report were ever filed. The court adopted all the findings and recommendations of the master in an order dated September 7, 1984.
The payments required by the report and court order were not made. Consequently, the wife filed a motion for writ of bodily attachment requesting the court to enter an order requiring the husband to appear before it for hearing and sentencing on the contempt found in the September 7, 1984 order and the master’s report adopted therein. This motion was noticed for hearing on October 4, 1984. On this same date, the writ was issued directing the arrest of the husband who was to be held in custody until brought before the court for hearing and sentencing on the court’s September 7, 1984 order adjudicating the husband to be in contempt.
Pursuant to the writ, the husband was arrested in Okeechobee County, Florida, on October 11, 1984. An alleged “cash appearance bond” in the amount of $3,250.00 was posted by Pamela Rieck to secure the husband’s release. It appears from the record that the amount of the “bond” was not set by judicial order, but rather was arrived at through telephone conversations between the sheriff's department arid the wife’s attorney. It seems more than a simple coincidence that the amount was set at precisely the sum the husband was required to pay the wife to purge himself of the contempt pursuant to the September 7, 1984 court order. The money deposited was sent by the Okeechobee County sheriff to the Date County sheriff who, in turn, sent it to the wife’s attorney, who turned it over to the wife.
On November 16,1984, the husband filed a motion for the return of the cash appearance bond. As grounds for the return, the husband claimed the wife “has not diligently pursued this matter since she caused [his] arrest on October 11, 1984 and to this date no hearing has been set.” Because the wife had not been diligent in obtaining a court date, the husband requested that the court “direct the Sheriff of Okeechobee *822 County, Florida to release the cash appearance bond and direct its return to ... Pamela Rieck.” The wife filed a response to the motion, claiming that the $3,250.00 paid to the Okeechobee County sheriff was to purge the husband of his contempt. During the hearing on the motion, the court seemed persuaded by the wife’s argument:
THE COURT: I’m not sure it was an appearance bond. ... He paid the amount. That let him off the contempt, so he is not in contempt any longer.
At the conclusion of the hearing, however, the court refused to make any finding on the matter. In an order dated February 5, 1985, the court summarily denied the motion for the return of the cash appearance bond. The husband appeals this order.[2]
The issue presented is whether the $3,250.00 deposited with the sheriff and turned over to the wife was money paid to purge the husband of contempt or to secure his appearance at subsequent proceedings. Admittedly, the document acknowledging the receipt of the money is the typical cash appearance bond which tends to indicate the money was paid to secure appearance. This document, however, is not conclusive on the matter. The facts that the amount paid was the exact amount required to purge the husband of contempt, that the amount was apparently arrived at through conversations with the wife’s attorney and not through judicial direction, and that the money was released by the sheriff and paid over to the wife, are all strong indications that the parties agreed that the money was being paid to purge the husband of contempt. At its heart, the issue presented is one of fact to be determined by the trial court. No testimony was taken on this issue at the abbreviated hearing.[3] Despite the court’s indication at the conclusion of the hearing that it “want[ed] to have some evidence,” the hearing was not continued and, approximately one week later, the court summarily denied the husband’s motion. Since there was no factual basis for the trial court to make a finding one way or the other, we must remand for an evidentiary hearing on the matter. Cf. Oatsvall v. State, 453 So.2d 147 (Fla. 1st DCA 1984) (where criminal defendant’s motion for post-conviction relief is facially sufficient, it is error to summarily deny the motion without an evi-dentiary hearing); Gonzalez v. State, 451 So.2d 1041 (Fla. 3d DCA 1984) (same). Cf Avis Rent-A-Car System, Inc. v. Stuart, 301 So.2d 29 (Fla. 2d DCA 1974) (a judgment cannot stand if there is no competent substantial evidence to support it).
If, following the hearing, it is established that the money was paid to purge the husband of his contempt, no further proceedings will be necessary between these parties as to this matter.[4] If, however, it should be established that the money was paid only to secure the husband’s presence at subsequent proceedings, the release of the money by the sheriff was clearly improper. Gustafson v. State, 251 So.2d 689 (Fla. 4th DCA), cert. denied, 254 So.2d 789 (Fla.1971). See also Harp v. Hinckley, 410 So.2d 619 (Fla. 4th DCA 1982) (bail may not be utilized for any purpose other than to secure appearance). If this latter position is established, the matter can be rectified upon appropriate legal action brought by the proper parties in interest.
For the foregoing reasons, the order under review is vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion.

. While complete resolution is pending the husband’s child support obligations have been temporarily reduced.

. Any issue as to the husband’s standing in these proceedings was not raised in the trial court and, therefore, has been waived.

. Only fifteen minutes had been allotted for the hearing during which argument on at least four different motions was heard. The husband’s attorney complained about the lack of time to present the husband’s case and suggested the hearing be continued. The court’s response, “I want to have some evidence," seemed to imply that the hearing would be continued. Such was not the case.

.Our decision today is without prejudice to any rights held by any persons not made parties to this proceeding.