481 So.2d 1210 (1985)
Roy Allen STEWART, Appellant,
v.
STATE of Florida, Respondent.
No. 66005.
Supreme Court of Florida.
December 19, 1985.
Rehearing Denied February 20, 1986.
*1211 Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
Roy Stewart, a state prisoner under sentence of death, appeals the trial court's denial of his motion for post-conviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.Pro. 3.850. We affirm the denial.
A jury convicted Stewart of first-degree murder, the trial court sentenced him to death, and this Court affirmed both the conviction and sentence. Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). After the governor signed his death warrant, Stewart filed a 3.850 motion with the trial court, alleging ineffective assistance of counsel at sentencing. The trial court stayed the execution and ordered an evidentiary hearing.
Before the trial court Stewart claimed that his two appointed counsel had spent too much time preparing for the guilt phase of his trial and too little time preparing for the penalty proceeding. Moreover, Stewart alleged that, because of the evidence the state had against him, counsel erred in believing that the jury could be convinced that Stewart did not murder the victim and should have defended him differently. Finally, Stewart claimed that counsel failed completely to investigate his background and develop mitigating evidence. To this end, at the evidentiary hearing he introduced the testimony and reports of numerous psychologists, relatives, and friends that he had had mental and emotional problems throughout his life, marital difficulties, and a history of drug and alcohol abuse. After the evidentiary hearing, the trial court concluded that "defense counsel should have come to the inescapable conclusion that all hope of obtaining a verdict of not guilty should have been abandoned and substantial time should have been expended preparing for the penalty phase."
At the penalty trial the defense had presented the testimony of several of Stewart's relatives and of a friend as to Stewart's past life and problems. The court found the testimony presented at the evidentiary *1212 hearing to be merely cumulative of that presented at trial. The court, therefore, went on and found no relief warranted because "regardless of the conduct of the Defendant's counsel there is no reasonable probability that the sentence would have been different even if what was presented to this Court had been presented during the penalty phase of the Defendant's trial."
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set out the test for determining whether counsel rendered ineffective assistance: "First, the defendant must show that counsel's performance was deficient... . Second, the defendant must show that the deficient performance prejudiced the defense." Id. 104 S.Ct. at 2064. Both showings must be made. Id. Here, however, the trial court concluded that Stewart had met only the first part of the test.
The state argues that Stewart failed to demonstrate even that. The trial court obviously found sufficient competent substantial evidence to support its conclusion, however, and we will not disturb such a finding of fact. The same holds true as to Stewart's claim that he proved the second part of the Strickland test.
Strickland states that the "court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." 104 S.Ct. at 2069. Stewart's trial court found that the evidence and arguments presented at the evidentiary hearing would not have changed the outcome. Again, the trial court's finding this evidence to be cumulative of that presented at trial and that it would not outweigh the established aggravating factors is supported by the record, and we will not disturb such a finding.
It is difficult to fault an attorney for zealously trying to convince a jury of his client's innocence. Here, however, due to the strength and amount of the evidence against Stewart, it appears that his counsel made an ill-advised choice of his theory of defense. But Stewart's argument before us that the additional testimony would have changed the outcome is merely speculative. As did the trial court, we see no reasonable probability that the jury and judge's recommendation and conclusion regarding this brutal murder would have been altered. We therefore affirm the denial of Stewart's 3.850 motion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.