497 So.2d 969 (1986)
Pasquale PROCACCI, Petitioner,
v.
Sam SEITLIN, Respondent.
No. 86-2156.
District Court of Appeal of Florida, Third District.
November 18, 1986.
Ruden, Barnett, McClosky, Schuster & Russell and Gill S. Freeman, Miami, for petitioner.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Raquel A. Rodriguez, Miami, for respondent.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
While the client, the petitioner Procacci, waived his attorney-client privilege as to a particular real estate transaction by suing his attorney for malpractice in the conduct of that transaction, see § 90.502(4)(c), Fla. Stat. (1985), and by voluntarily disclosing the substance of the communications as to that matter in the instant suit against the other party to the transaction, the respondent Seitlin, see Hoyas v. State, 456 So.2d 1225, 1228 (Fla. 3d DCA 1984) ("[t]he client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter"; quoting 8 Wigmore on Evidence § 2327 at 638 (McNaughton rev. 1961)), it is clear that the "waiver is limited to the communications or subjects in question." In re Estate of Marden, 355 So.2d 121, 127 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 833 (Fla. 1978).
We find no legal basis, therefore, for the order below, which held that the privilege had been waived as to communications made during any other aspect of the lengthy attorney-client relationship between Procacci and his lawyer. See Goldman, Sachs & Co. v. Blondis, 412 F. Supp. 286, 288 (N.D.Ill. 1976) (waiver by disclosure does "not mean ... that voluntary disclosure of confidential information effectively waives the privilege as to all conversations, *970 or the whole breadth of discussion which may have taken place"); Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 461 (N.D.Cal. 1978) (waiver of privilege by disclosure confined to "that specific subject during that particular conversation"; quoting Goldman, Sachs & Co. v. Blondis, 412 F. Supp. at 289); United States v. Monti, 100 F.Supp. 209, 214 (E.D.N.Y. 1951) (waiver of privilege by allegation that guilty plea coerced by counsel waived privilege only with respect to facts material to coercion issue); Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329, 332 (Fla. 3d DCA 1983) (waiver by disclosure limited "to other unrevealed communications only to the extent that they are relevant to the communication already disclosed"); see also Yoho v. Lindsley, 248 So.2d 187, 191 (Fla. 4th DCA 1971) (same holding as to waiver of psychiatrist-patient privilege).
Accordingly, certiorari is granted and the order under review is quashed.