PER CURIAM.
This is an appeal from an order of the trial court denying appellant’s third motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850.[1] Appellant’s motion alleged ineffective assistance of counsel relative to the 1980 trial which resulted in appellant's convictions of first degree murder, robbery, attempted second degree murder, aggravated battery and possession of a firearm during the commission of a felony.[2] Specifically, appellant contended that his counsel was ineffective in choosing to present an alibi defense, rather than an insanity defense.
After a non-evidentiary hearing, the trial court entered its order denying appellant’s Rule 3.850 motion. The court’s order set forth the following findings of fact and conclusions of law:
I.
This is the third motion to vacate filed by the defendant. The ground for relief raised in this third Motion, ineffective assistance of counsel, could have and should have been raised in the prior motions. The failure to raise this ground in a prior motion constitutes an abuse of the procedure governed by Rule 3.850, which warrants dismissal of the motion.
II.
The files and records of this case conclusively show that the defendant cannot establish that he was denied the effective assistance of counsel under the standard announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court specifically finds that the decision by trial counsel to present an alibi defense rather than an insanity defense was reasonable trial strategy. The Court also finds that even if trial counsel had presented an insanity defense as it is now argued he should have, it is not reasonably probable that the result of the defendant’s trial would have been different. Accordingly, the requisite prejudice cannot be shown.
WHEREFORE, the defendant’s Motion for Post Conviction Relief, filed pursuant to Rule 3.850 Florida Rules of Criminal Procedure, is hereby DENIED because it constitutes an abuse of the procedures governed by the Rule. Moreover, if there had not been the aforementioned procedural basis for denying the motion it would still be denied because the files and records of the case conclusively show that the defendant was not denied the effective assistance of counsel.
We approve and adopt the trial court’s findings of fact, conclusions of law and order denying the motion for postcon-viction relief upon a holding that the record conclusively shows appellant is not entitled to the relief sought in this Rule 3.850 motion. See Christopher v. State, 489 So.2d *635 22 (Fla.1986); Witt v. State, 465 So.2d 510 (Fla.1985).
Affirmed.

. Appellant’s two prior 3.850 motions were denied by the trial court; review in this court of the orders denying relief ultimately resulted in affirmance. Gonzalez v. State, 432 So.2d 171 (Fla. 3d DCA 1983) (issues regarding indictment defect and improper jury instruction not properly raised in 3.850 motion; denial of motion after evidentiary hearing affirmed); Gonzalez v. State, 451 So.2d 1041 (Fla. 3d DCA 1984) (motion’s allegation that defendant had been rendered by medication unable to assist in preparation of his defense at trial required trial court to either attach record portions conclusively refuting allegation or conduct an evidentiary hearing; remanded); Gonzalez v. State, 476 So.2d 329 (Fla. 3d DCA 1985) (affirming denial of motion upon remand).

. We affirmed the convictions, with a modification of sentence to allow credit for time served. Gonzalez v. State, 410 So.2d 657 (Fla. 3d DCA 1982).