SCHWARTZ, Chief Judge
(dissenting).
As I understand it, reversal is predicated upon the rule that relief from a conviction which follows a conflict of interest must be granted even in the absence of prejudice when the conflict in any way affects the performance of defense counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Porter v. Wainwright, 805 F.2d 930 (11th Cir.1986), cert. denied, — U.S.-, 107 S.Ct. 3195, 96 L.Ed.2d 682 (1987). The majority applies this principle to the premise that defense counsel in the present case failed to introduce the taped telephone conversation of the accomplice, Batista, because he feared that his own criminal violation of § 934.03(l)(a) would be exposed.
The basic difficulty with this conclusion is that its underlying factual assumption is contrary to a legitimate view of the record which supports the order below. Trial counsel himself testified, the evidence otherwise supports and, most important, the trial judge plainly believed that the supposed conflict[1] had nothing to do with the determination not to offer the tape in question; rather, the lawyer said it was not proffered because he thought it was not admissible into evidence. On the basis of the acceptance of this version of events below, which, since it is supported by the evidence, we are required to follow on appeal, Stewart v. State, 481 So.2d 1210 (Fla.1985); Middleton v. State, 465 So.2d 1218 (Fla.1985); Gonzalez v. State, 510 So.2d 633 (Fla. 3d DCA 1987), the issue becomes whether the decision not to offer the tape involves, as a matter of law, ineffective assistance of counsel under the two-pronged “non-conflict” test of Strickland and Knight v. State, 394 So.2d 997 (Fla.1981). This test requires, unlike the conflict situation, both a marked deficiency in performance and prejudice in the form of a showing that “the decision reached would reasonably likely have been different absent the errors.” Strickland, 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. It is not necessary to dwell on the first element[2] because it is obvious that the second one was not satisfied. The tape in question would have been used only to impeach Batista’s testimony. But not only did Morales’s son testify to the contents of the conversation, Batista himself admitted making the relevant statements in his direct testimony and on cross-examination. Thus, in the context of the entire case — including a great deal of other inculpatory evidence of the co-conspirators, which, although severely impeached, was believed by the jury — the tape may have been, at most, more dramatic or helpful. It was, however, no more than cumulative and surely could not be regarded as likely to have changed the verdict from guilty to not guilty.[3] Stewart v. State, 481 So.2d at 1210; Middleton v. State, 465 So.2d at 1222; State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA 1985), pet. for review denied, 480 So.2d 1296 (Fla.1985); Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985), pet. for review dismissed, 475 So.2d 693 (Fla.1985); see Peterson v. State, 237 So.2d 223 (Fla. 1st DCA 1970).
*699 I believe that the court has set aside the result of a properly conducted jury trial and of a comprehensive 3.850 evidentiary hearing on the basis of a fine point of law which had no real effect upon the verdict, I strongly disagree with that conclusion,

.Since a violation of § 934.03(l)(a) had occurred, if at all, upon the lawyer’s interception of the call, it is difficult to understand what adverse consequences could be thought to accrue to him if the already secured tape were introduced at the trial. Thus, it does not appear that any conflicting interest was even potentially involved in making that decision.

. It may be noted, however, that the intricacy of Judge Pearson's opinion shows that the issue is surely not so clear-cut as to render the lawyer’s contrary conclusion necessarily incompetent. State v. Stirrup, 469 So.2d at 848; Anderson v. State, 467 So.2d at 786-87.

. The court does not rely on any of the asserted "non-conflict” deficiencies of counsel. I agree that none have merit.