BASKIN, Judge.
Nancy Adelman appeals a final judgment of dissolution of marriage. We affirm the dissolution but reverse the property awards because the record lacks a sufficient predicate for the trial court’s disposition.
A review of the record discloses that the court met privately with counsel for both parties. The judge then stated “Let’s bring [Mr. and Mrs. Adelman] in and ask the cursory questions.” In the ensuing proceedings, Mr. Adelman’s counsel testified as to the parties’ Florida residency and Mrs. Adelman testified that the marriage was irretrievably broken. During the remainder of the hearing, neither party presented testimony; the court, counsel, and the parties informally discussed the distribution of assets and monetary awards. Mrs. Adelman objected when the court announced its disposition of the parties’ assets and the monetary awards. The record does not reflect that the parties entered into a property settlement agreement.
Finding no record support for the awards,[1] see Barfield v. Barfield, 472 So. 2d 820 (Fla. 3d DCA 1985) (where there was no factual basis for the trial court’s finding, cause remanded for evidentiary hearing); Bird v. Bird, 436 So.2d 981 (Fla. 3d DCA 1983) (where record does not reflect existence of oral property settlement agreement through written stipulation, testimonial transcript or otherwise, court may not consider it as a basis for review), we reverse the property, alimony and attorney’s fee provisions,[2] and remand with directions to the trial court to conduct a de novo hearing in which the parties are afforded an. opportunity to present record testimony, evidence, and other pertinent matters in support of their positions.
REVERSED IN PART AND REMANDED.

. The wife appears to have been shortchanged. The trial court incorrectly stated that it could not award Mrs. Adelman the marital home and permanent periodic alimony. "[T]he award of the marital home as lump sum alimony may be coupled with other lump sum alimony or permanent periodic alimony awards if justified by the evidence.” Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980), and cited cases.

. We agree with appellant that the record does not demonstrate that the parties entered a stipulation limiting the amount of attorney’s fees to be paid by the husband. Accordingly, we reverse the attorney’s fee award. See Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981); Green v. Green, 484 So.2d 1269 (Fla. 3d DCA 1986). On remand, the court, in determining the attorney’s fee award, should comply with the dictates of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). See, e.g., Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988).