561 So.2d 671 (1990)
Laurence ADELMAN, Petitioner,
v.
Nancy ADELMAN, Respondent.
No. 89-2915.
District Court of Appeal of Florida, Third District.
May 15, 1990.
The Vogelsang Law Firm and George C. Vogelsang and Beth Tyler Vogelsang, Miami, for petitioner.
Shalle Stephen Fine, Miami, for respondent.
Before HUBBART, NESBITT and BASKIN, JJ.
HUBBART, Judge.
This is a petition for a writ of certiorari brought by a husband in a marriage dissolution action seeking review of a trial court order which disqualifies a lawyer from representing the husband in said action. The question presented for review is whether a lawyer is properly disqualified from representing a party in a marriage dissolution action  where, as here, the lawyer also represents the opposing party's ex-lawyer in a legal malpractice action brought by the opposing party arising out of the same dissolution action. We hold that the subject lawyer is properly disqualified from representing the party in the marriage dissolution action because he is privy, by virtue of his representation of the opposing party's ex-lawyer in the malpractice action, to confidential communications between the opposing party and her ex-lawyer in the marriage dissolution action. We accordingly deny the instant petition for a writ of certiorari.

I
The relevant facts of this case are entirely undisputed. The husband Laurence Adelman brought a marriage dissolution action against his wife Nancy Adelman; Mrs. Adelman retained Fred Dellapa as her attorney in this proceeding. The cause came on for a hearing and a final judgment was entered, although no testimony or evidence was ever adduced and no stipulations were entered into. Mrs. Adelman thereafter discharged Mr. Dellapa as her attorney and retained new counsel to prosecute an appeal to this court from the final judgment; Mr. Adelman, who was represented *672 at trial by other counsel, retained The Vogelsang Law Firm, consisting of George and Beth Vogelsang, to represent him on appeal. This court, in turn, reversed the property, alimony, and attorney fee provisions of the final judgment for lack of any record support for same and remanded the cause to the trial court for a de novo evidentiary hearing. Adelman v. Adelman, 543 So.2d 237 (Fla. 3d DCA 1989). Upon remand, The Vogelsang Law Firm entered an appearance for Mr. Adelman before the trial court.
After we issued our above-stated decision, Mrs. Adelman brought a legal malpractice suit against her ex-lawyer Fred Dellapa in which she claimed that Mr. Dellapa negligently represented her at the trial level in the marriage dissolution action. Mr. Dellapa, in turn, retained Mr. Adelman's present attorney, The Vogelsang Law Firm, to represent him in this legal malpractice action. Both the marriage dissolution proceeding and the legal malpractice action were assigned to the same trial judge. Mrs. Adelman filed a motion to disqualify The Vogelsang Law Firm from representing Mr. Dellapa in the legal malpractice action; this motion was denied without prejudice. Mrs. Adelman then filed a motion to disqualify The Vogelsang Law Firm from representing Mr. Adelman in the marriage dissolution action; this motion was granted. Mr. Adelman now seeks certiorari review of the order disqualifying The Vogelsang Law Firm from representing him in the marriage dissolution action.

II
It is axiomatic that a lawyer in representing a party to a lawsuit may not, in the absence of a court order, become privy to any privileged attorney-client communications involving the opposing party to the lawsuit. Indeed, it would be a shocking breach of the attorney-client privilege for a lawyer to surreptitiously eavesdrop on the confidential communications between the opposing party and his counsel; such communications are clearly privileged under our law and may not be secretly intercepted by counsel for the adverse party. See generally § 90.502(2), Fla. Stat. (1989) and law revision council note (1976); McCormick on Evidence §§ 87-97 (3d ed. 1984).
This being so, we think it clear that a lawyer may not indirectly accomplish what he cannot accomplish directly  that is, a lawyer should not be able to penetrate the secrecy of an opposing party's attorney-client communications by virtue of what the lawyer may learn from confidential communications obtained from another of the lawyer's clients in a related case. Stated differently, a lawyer should not be allowed to represent two clients in related cases  when one client can lawfully inform the lawyer of privileged attorney-client communications involving the opposing party in the second client's case. Indeed, it has been held that a lawyer may be disqualified from representing a client when otherwise privileged material belonging to the opposing party has been inadvertently disclosed to the lawyer. General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986) (insurer's claim file containing privileged material inadvertently sent by trial judge to opposing party's lawyer; lawyer disqualified).
In the instant case, The Vogelsang Law Firm represents the husband Mr. Adelman in a marriage dissolution action against his wife Mrs. Adelman; this same law firm also represents Mrs. Adelman's ex-lawyer in a related legal malpractice action brought by Mrs. Adelman arising out of the ex-lawyer's representation of her in the marriage dissolution action. In representing the ex-lawyer, the above law firm is now privy to confidential communications between Mrs. Adelman and her ex-lawyer, as the latter may now lawfully disclose to his counsel all aspects of his representation of Mrs. Adelman in the marriage dissolution action. The Vogelsang Law Firm is thus able by this dual representation to learn confidential communications between the opposing party [Mrs. Adelman] and her counsel in the marriage dissolution action below; plainly, the firm may not be permitted to accomplish such an indirect breach of the attorney-client privilege and was *673 properly disqualified from representing Mr. Adelman in the marriage dissolution proceeding.
Mrs. Adelman, in suing her ex-lawyer for legal malpractice, has not waived her attorney-client privilege with this lawyer as to the entire world, as such waiver is limited solely to the legal malpractice action. The ex-lawyer may only reveal confidential information relating to his representation of Mrs. Adelman to the extent necessary to defend himself against the malpractice claim, Fla.Bar R.Prof.Conduct 4-1.6(c)(2), and
"the disclosure should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."
Fla.Bar R.Prof.Conduct 4-1.6 comment (1989). Clearly, then, the ex-lawyer may not reveal these confidential communications with Mrs. Adelman to the lawyer who represents Mr. Adelman in the underlying marriage dissolution action; on the other hand, it is clear that the ex-lawyer may make a full disclosure of his entire representation of Mrs. Adelman to the lawyer he hires to represent him on the legal malpractice claim. However, where, as here, the ex-lawyer hires as his counsel on the malpractice claim the lawyer who also represents Mr. Adelman in the underlying dissolution action, it is plain (a) that Mrs. Adelman's privileged attorney-client communications may now be disclosed to Mr. Adelman's lawyer, and (b) that the lawyer so exposed to such privileged material [The Vogelsang Law Firm] may be disqualified from representing Mr. Adelman. General Accident Ins. Co. Moreover, it is no solution to this dilemma for the trial court to enter, as urged, a protective order prohibiting the ex-lawyer from revealing the above privileged communications as he clearly has a right to make a full disclosure of same to his own lawyer [The Vogelsang Law Firm] on the malpractice claim.
For the above-stated reasons, the trial court did not depart from the essential requirements of law in entering the order disqualifying The Vogelsang Law Firm from representing Mr. Adelman, and, accordingly, the petition for a writ of certiorari is
Denied.