723 So.2d 398 (1999)
Harry A. GAINES, Appellant,
v.
Don RUSSO, individually, Thomas A. Culmo, Russo & Culmo, P.A., Elizabeth Koebel Russo, individually, Patrice A. Talisman, individually, and Russo & Talisman, P.A., Appellees.
No. 97-3289.
District Court of Appeal of Florida, Third District.
January 13, 1999.
H. Hugh McConnell, Coral Gables, for appellant.
Stephens, Lynn, Klein & McNicholas, P.A., Miami, and Robert M. Klein and Marlene S. Reiss, for appellees Don Russo and Russo & Culmo, P.A.
Green, Haverman & Ackerman, P.A., Ft. Lauderdale, and Jay B. Green, for appellees Elizabeth Koebel Russo and Russo & Talisman, P.A.
Before COPE, GREEN, and FLETCHER, JJ.
PER CURIAM.
Harry A. Gaines ("the client") appeals orders dismissing his legal malpractice action against the appellee attorneys. We affirm in part and reverse in part.

I.
The client was plaintiff in a personal injury action in which he was represented by the appellee attorneys. He received a judgment at trial which he deemed unsatisfactory. Contending that the attorneys had been guilty of professional negligence in the litigation of the case, he brought this legal malpractice action. The trial court dismissed the legal malpractice claims under the statute of limitations, and the client has appealed.
During the pendency of this appeal, the Florida Supreme Court announced Silvestrone v. Edell, 721 So.2d 1173, 23 Fla. L. Weekly S625 (Fla.1998), which states:
[W]e hold that the statute of limitations does not commence to run until the final judgment becomes final.2
2 For instance, a judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing.
Id. at 1175 & n.2, 23 Fla. L. Weekly at S626 & n. 2. Based on the just-stated rule, it is clear that this lawsuit was timely filed, and the dismissal order must be reversed. We do not fault the trial court for its ruling; as the Silvestrone court itself acknowledged, heretofore Florida law has not been clear "as to when the limitations period for legal malpractice *399 in a litigation-related context begins to run." Id.

II.
Several additional issues are presented for decision. Some counts were dismissed for failure to state a cause of action. The dismissal orders are affirmed, but with leave to amend on remand.[*] The client must also have leave to amend the gross negligence claim. The trial court struck as sham that part of the complaint which alleged the existence of an agreement between the parties to toll the statute of limitations. That ruling is supported by the record and is affirmed. The order striking the punitive damage claim without prejudice is affirmed. See § 768.72, Fla. Stat. (1997).

III.
The orders under review are affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part.
NOTES
[*] The parties have advised us that the battery claim has been dropped.