744 So.2d 480 (1999)
Edda FERRARI, Petitioner,
v.
Edward C. VINING, Jr., Esq., Respondent.
No. 99-1694.
District Court of Appeal of Florida, Third District.
September 13, 1999.
Latona & Isenberg, and William S. Isenberg, Ft. Lauderdale, for petitioner.
Edward C. Vining, Jr., in proper person.
Before NESBITT, JORGENSON, and SHEVIN, JJ.
PER CURIAM.
Petitioner Edda Ferrari, plaintiff in a legal malpractice action against her former counsel, Edward C. Vining, Jr., petitions this court for the issuance of a writ of common law certiorari to quash a non-final order denying Vining's motion for summary *481 judgment, but authorizing certain depositions Vining maintained he needed to prove his case.
The trial court's order provided in pertinent part:
The successor counsel who represented plaintiff in any aspect of the Neale v. Ferrari case are directed to submit to a deposition in this matter for inquiry as to the advice given to plaintiffs regarding defendant's alleged malpractice. Successor counsel include, but are not necessarily limited to, [those attorneys] who advised plaintiffs with respect to defendant's alleged malpractice.
We conclude that the trial court's order improperly granted the right to discover privileged material and constituted a departure from the essential requirements of law. Accordingly, we grant the petition sought. See National Sec. Fire & Cas. Co. v. Dunn, 705 So.2d 605 (Fla. 5th DCA 1997) (trial court's order improperly granting the right to inspect privileged material constituted a departure from the essential requirements of law). See also United Service Auto. Ass'n v. Crews, 614 So.2d 1213 (Fla. 4th DCA 1993) (order which improperly compels discovery of information privileged pursuant to attorney-client privilege is reviewable by certiorari).
Below, Vining's argument was that he needed to find out when Ferrari spoke to new counsel about what Vining had allegedly done wrong, because that discussion would trigger when time began to run for statute of limitations purposes, and Vining hoped to prove Ferrari's action was time barred. Vining was wrong. Gaines v. Russo, 723 So.2d 398 (Fla. 3d DCA 1999) (citing Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998)), settles the question of when the statute of limitations for a malpractice action begins to run. In Silvestrone, 721 So.2d at 1175, the Supreme Court concluded:
To be liable for malpractice arising out of litigation, the attorney must be the proximate cause of the adverse outcome of the underlying action which results in damage to the client. See Sure Snap Corp. v. Baena, 705 So.2d 46, 48 (Fla. 3d DCA 1997). Since redressable harm is not established until final judgment is rendered, see Chapman v. Garcia, 463 So.2d 528, 529 (Fla. 3d DCA 1985) (holding that plaintiffs could not sue attorneys for legal malpractice so long as underlying medical malpractice action, out of which legal malpractice claim arose, was still pending in trial court or on appeal); Abbott v. Friedsam, 682 So.2d 597, 600 n. 1 (Fla. 2d DCA 1996) (stating in dicta that statute of limitations for legal malpractice generally does not begin to run until legal proceedings underlying malpractice claim have been finalized, by appeal if necessary), a malpractice claim is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client.
Thus the discovery of information as to when Ferrari first went to alternative counsel and expressed her concern about Vining's performance was not determinative.
Second and more disturbing is Vining's assertion that he could pierce the attorney-client privilege between Ferrari and her other attorneys because of a legal malpractice action directed at Vining. Adelman v. Adelman, 561 So.2d 671 (Fla. 3d DCA 1990) established that in suing an attorney for legal malpractice, a client's waiver of attorney-client privilege was limited solely to the malpractice action, and the attorney could only reveal confidential information relating to his representation to the extent necessary to defend himself. See Rule Regulating Fla. Bar 4-1.6(c)(2). Thus, Adelman supports the proposition that the attorney-client privilege between Ferrari and Vining as to what they discussed pertinent to the issue of Vining's alleged malpractice could be reached. That does not mean the court could order the deposition and violation of attorney-client privilege as to other counsel with *482 whom Ferrari discussed Vining's performance. The import of the attorney-client relationship merits review of the rule at issue. The Rule Regulating the Florida Bar 4-1.6 provides:
Confidentiality of Information
(a) Consent Required to Reveal Information. A lawyer shall not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client consents after disclosure to the client.
(b) When Lawyer Must Reveal Information. A lawyer shall reveal such information to the extent the lawyer reasonably believes necessary:
(1) to prevent a client from committing a crime; or
(2) to prevent a death or substantial bodily harm to another.
(c) When Lawyer May Reveal Information. A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:

(1) to serve the client's interest unless it is information the client specifically requires not to be disclosed;
(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client;

(3) to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved;
(4) to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
(5) to comply with the Rules of Professional Conduct.
(d) Exhaustion of Appellate Remedies. When required by a tribunal to reveal such information, a lawyer may first exhaust all appellate remedies.
(e) Limitation on Amount of Disclosure. When disclosure is mandated or permitted, the lawyer shall disclose no more information than is required to meet the requirements or accomplish the purposes of this rule. (Emphasis added.)
As Adelman makes clear, in suing an attorney for legal malpractice, the client's waiver of attorney-client privilege is limited to the malpractice action, and the defendant/attorney may reveal confidential information relating to his representation only to the extent necessary to defend himself. As stated in the Comment to Rule 4-1.6, Rules Regulating the Florida Bar, "[i]f a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, rule 4-1.6(a) requires the lawyer to invoke the privilege when it is applicable."
Accordingly, finding an order which improperly compels discovery of privileged information pursuant to the attorney-client privilege we grant certiorari review and quash the order at issue.