WARNER, J.
 

 The question presented in this petition for certiorari is whether a client waives the attorney-client privilege when she is deposed by her former attorney in litigation between them, and the deposition is now sought by a third party. We hold that the client has waived the privilege.
 

 Respondent Payless sued petitioners S & 1
 
 [1]
 
 and Richmond (a general partner of S & I) in Broward Circuit Court in 2007 seeking damages based on claims of fraud, negligent misrepresentation, abuse of process, and malicious prosecution. According to petitioners, this lawsuit stems from earlier litigation between the same parties which resulted in a judgment in favor of Payless and against Richmond.
 

 Petitioners were represented in the underlying litigation by Franklin Zemel, Esquire, of the law firm of Arnstein & Lehr (“A & L”). At the end of that litigation, the law firm filed a federal court action against petitioner Richmond for unpaid legal fees. Petitioner Richmond filed an answer and amended affirmative defenses,
 
 *701
 
 including claims that the fees were excessive, the firm breached its contract with her, the firm waived its right to collect fees and costs not billed on a monthly basis, the claim should be diminished due to negligent legal services, and the firm had failed to mitigate damages.
 

 A & L deposed Richmond in June 2008. Richmond acknowledges that no claim of privilege was made during the deposition. Payless served a subpoena duces tecum on A & L in August 2008 seeking a copy of the Richmond deposition transcript and exhibits. Petitioners filed a motion for protective order asserting attorney-client privilege. After a hearing, the trial judge ruled that once Richmond gave her deposition in the federal court action, she waived the privilege. The trial court entered an order on the same date which denied petitioners’ motion for protective order and directed that the deposition be provided by A & L. If there were any questions to which the attorney-client privilege was specifically asserted, A & L was to redact the answer on the copy to be provided.
 

 For certiorari to lie, the petitioners must demonstrate that the trial court departed from the essential requirements of law resulting in material harm of an irreparable nature.
 
 See United Servs. Auto. Ass’n v. Crews,
 
 614 So.2d 1213, 1213 (Fla. 4th DCA 1993). An order improperly compelling discovery of information protected from discovery by the attorney-client privilege is reviewable by certiorari.
 
 Id.
 

 The attorney-client privilege has been codified in our Evidentiary Code. Section 90.502(1), Florida Statutes, provides:
 

 (c) A communication between lawyer and client is “confidential” if it is not intended to be disclosed to third persons other than:
 

 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
 

 2. Those reasonably necessary for the transmission of the communication.
 

 However, communications do not retain their confidentiality where a breach of duty between the lawyer and client occurs:
 

 There is
 
 no
 
 lawyer-client privilege under this section when:
 

 [[Image here]]
 

 (c) A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship.
 

 § 90.502(4), Fla. Stat. (emphasis supplied). Finally, a client may waive the privilege. Section 90.507, Florida Statutes, states:
 

 A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person, or the person’s predecessor while holder of the privilege,
 
 voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy,
 
 or consents to disclosure of, any significant part of the matter or communication.
 

 (Emphasis supplied).
 

 Testimony at a deposition in a suit between a former lawyer and his client does not meet the definition of a confidential communication. First, a lawyer-client relationship does not exist when the lawyer is suing his client and the client is represented by other counsel. Therefore, at the time of the communications contained in the deposition no attorney-client privilege existed. Second, where the lawyer has sued for breach of duty by the client, and the client has alleged as an affirmative defense the negligence of the lawyer, no lawyer-client privilege exists as to a communication relevant to the breach
 
 *702
 
 of duty. The statements of the client at the deposition are such communications.
 

 Where a client sues her attorney for malpractice and voluntarily discloses her communications with the attorney, the client waives the attorney-client privilege as to those subjects disclosed.
 
 See Procacci v. Seitlin,
 
 497 So.2d 969 (Fla. 3d DCA 1986). A client may voluntarily disclose confidential communications through testimony.
 
 See, e.g., Doe v. Maret,
 
 984 P.2d 980, 987 (Utah 1999),
 
 overruled in part on other grounds by Munson v. Chamberlain,
 
 173 P.3d 848, 849 (Utah 2007);
 
 Surovec v. LaCouture,
 
 82 Ohio App.3d 416, 612 N.E.2d 501 (1992).
 

 Here, the client testified at the deposition and admits that she did not assert any claim of privilege at the deposition. She voluntarily gave testimony in a contested proceeding, recorded by both a videographer as well as a court reporter. She waived the privilege. “Usually waiver in one proceeding is waiver in all proceedings.” Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 507.1, at 470 (2007 ed.);
 
 Permian Corp. v. United States,
 
 665 F.2d 1214 (D.C.Cir.1981);
 
 Navajo Nation v. Peabody Holding Co.,
 
 209 F.Supp.2d 269 (D.D.C.2002). Further, section 90.508, Florida Statutes, provides that evidence or disclosure of privileged matter is inadmissible against the holder (client) only if the statement or disclosure “was compelled erroneously by the court or made without opportunity to claim the privilege.” Here, the court did not compel the client’s testimony, nor did she testify at deposition without opportunity to claim the privilege.
 

 Petitioners rely on both
 
 Adelman v. Adelman,
 
 561 So.2d 671 (Fla. 3d DCA 1990), and
 
 Ferrari v. Vining,
 
 744 So.2d 480 (Fla. 3d DCA 1999), for support. We find both cases distinguishable. Neither case applies waiver to the testimony of a client in a case where she may have disclosed her dealings with her attorney.
 

 In
 
 Adelman,
 
 a husband and wife were both represented in a contested dissolution proceeding. The wife discharged her attorney and then sued him for malpractice when the dissolution judgment was reversed on appeal. The wife’s discharged attorney retained the husband’s lawyers to represent him in the malpractice suit. The wife then moved to disqualify the husband’s lawyers, and the trial court granted the motion on which the husband then sought certiorari review.
 

 The Third District denied the petition, concluding that “a lawyer should not be allowed to represent two clients in related cases when one client can lawfully inform the lawyer of privileged attorney-client communications involving the opposing party in the second client’s case.” 561 So.2d at 672. When the husband’s law firm agreed to represent the wife’s former lawyer, the law firm could lawfully ask the wife’s former attorney about all aspects of his representation of the wife, thus making the husband’s lawyers privy to confidential communications. Because of this, disqualification of the husband’s lawyers was required.
 

 Petitioner relies on the Third District’s statement that the wife had not waived the attorney-client privilege with her ex-lawyer by filing a malpractice claim. The court said, “The
 
 ex-lawyer
 
 may only reveal confidential information relating to his representation of Mrs. Adelman to the extent necessary to defend himself against the malpractice claim.”
 
 Id.
 
 at 673 (emphasis supplied). Although the lawyer may not reveal any confidences, the client may reveal confidences herself by testifying in the proceeding.
 
 See Procacci,
 
 497 So.2d 969.
 

 Ferrari,
 
 744 So.2d 480, is also distinguishable. Ferrari sued her former lawyer, Edward Vining,
 
 for legal
 
 malpractice. Vining attempted to subpoena for deposi
 
 *703
 
 tion Ferrari’s successor legal counsel. Ferrari objected, but the trial court overruled her objection, allowing deposition of successor counsel. The Third District granted certiorari and held that counsel was not entitled to depose the client’s current, new counsel in order to determine when the client first spoke to current counsel about a legal malpractice claim. Relying on
 
 Adelman’s
 
 pronouncement that a malpractice claim waived the attorney-client privilege solely as to the malpractice action, the court held that Ferrari could assert her attorney-client privilege with her successor legal counsel. A waiver by the filing of the malpractice action included only the discussions between Ferrari and Vining. Ferrari’s discussions with her successor counsel could not be reached.
 

 To the extent that the communications at petitioner’s deposition were relevant to the breach of duty between the lawyer and client, the communications were not protected by the privilege. § 90.502(4)(c), Fla. Stat. By testifying without objection in the deposition, petitioner waived any remaining attorney-client privilege.
 

 We deny the petition.
 

 STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . Petitioners filed a Notice of Filing Suggestion of Bankruptcy under Chapter 11 in this court on October 31, 2008, advising that an involuntary petition was filed against S & I. Although we acknowledge that the case is automatically stayed as to S & I, no stay is in effect as to petitioner Richmond.