POLEN, J.
 

 The petitioner, Alliant Insurance Services, Inc. (“Alliant”), seeks certiorari review of an order granting a motion to compel the production of documents over Alliant’s assertion of attorney-client privilege. We grant the petition, quash the trial court’s order, and remand for further proceedings because the trial court did not conduct an
 
 in camera
 
 inspection of the documents at issue and did not define the scope of any waiver of the privilege.
 

 The respondent, Riemer Insurance Group (“Riemer”), employed Matthew Tu-retsky as an account executive in 2004. Turetsky signed a non-compete agreement with Riemer that was to extend for two years beyond Turetsky’s period of employment with Riemer. In November 2008, Turetsky left Riemer and began working for Alliant, a competitor.
 

 Riemer sued Alliant, Turetsky, and Je~ rold Hall, Alliant’s Chief Operating Officer, for tortious interference with contract and breach of the non-compete agreement. Thereafter, Riemer served a request to produce documents and sought to compel production of documents. The discovery request, directed at Alliant, sought “[a]ny and all documents, including but not limited to electronic mail and other correspondence constituting, or relating to, any communication between Defendant Turetsky and any employee, agent or representative of Defendant Alliant Insurance Services, Inc.” Riemer alleged that Alliant and the other defendants waived any claim of privilege as to communications regarding the non-compete agreement because Ken Zak, Alliant’s general counsel, swore in an affidavit that he had provided legal advice to Turetsky about the non-compete agreement. Alliant objected on the grounds of irrelevance, overbreadth, and attorney-client privilege, claiming that the correspondence between Zak and its upper-level employees was privileged.
 

 The trial court held a hearing on the motion to compel, at which the parties disputed the scope of the waiver of attorney-client privilege. Riemer argued that Zak’s affidavit had waived the attorney-client privilege between him and Alliant’s
 
 *781
 
 officers, directors and employees. Alliant stated that it was not asserting the attorney-client privilege as to documents or communications between Zak and Turet-sky. Rather, Alliant asserted the attorney-client privilege regarding the communications between Zak as general counsel for Alliant and the managers, directors and officers of Alliant. Riemer also suggested that for those documents outside of the waiver of privilege it was arguing, the court should conduct an
 
 in camera
 
 review.
 

 The trial court granted Riemer’s amended motion to compel, but did not define the scope of any waiver of privilege or conduct an
 
 in camera
 
 inspection of the documents claimed to be privileged. Alli-ant moved for reconsideration,
 
 [1]
 
 but its motion was not heard, and Alliant has petitioned this court for a writ of certiorari.
 

 For certiorari to lie, a petitioner must demonstrate that the trial court departed from the essential requirements of law resulting in material harm of an irreparable nature.
 
 S & I Investments v. Payless Flea Market, Inc.,
 
 10 So.3d 699, 701 (Fla. 4th DCA 2009);
 
 see also Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). A trial court’s order erroneously compelling discovery of information protected from discovery by the attorney-client privilege is reviewable by certiorari.
 
 S & I Investments,
 
 10 So.3d at 701;
 
 see also Allstate,
 
 655 So.2d at 94.
 

 If a party seeks to compel the disclosure of documents that the opposing party claims are protected by attorney-client privilege, the party claiming the privilege is entitled to an
 
 in camera
 
 review of the documents by the trial court prior to disclosure.
 
 See Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.,
 
 584 So.2d 1128, 1128-29 (Fla. 4th DCA 1991) (finding that where documents may be protected by both the attorney-client privilege and the work-produet doctrine, the petitioners are entitled to an
 
 in camera
 
 review of the documents by the trial court prior to disclosure);
 
 see also Nationwide Mut. Fire Ins. Co. v. Hess,
 
 814 So.2d 1240, 1243 (Fla. 5th DCA 2002) (stating that the trial court should have conducted an
 
 in camera
 
 inspection of documents before compelling disclosure when a discovery request, on its face, required disclosure of attorney-client communications);
 
 Zanardi v. Zanardi,
 
 647 So.2d 298, 298 (Fla. 3d DCA 1994) (stating that the petitioner is entitled to an
 
 in camera
 
 review for the trial court to determine whether the assertion of attorney-client privilege is valid).
 

 Similarly, if attorney-client privilege is waived regarding a certain matter, the waiver is limited to communications on the same matter.
 
 Courville v. Promedco of Southwest Fla., Inc.,
 
 743 So.2d 41, 42 (Fla. 2d DCA 1999);
 
 see also Coates v. Akerman, Senterfitt & Eidson, P.A.,
 
 940 So.2d 504, 511 (Fla. 2d DCA 2006). If the parties disagree as to the scope of the privilege waiver, a trial court must delineate the scope of the waiver before it may compel discovery of information.
 
 See Courville,
 
 743 So.2d at 42-43.
 

 Alliant has demonstrated that the trial court departed from the essential requirements of law by broadly granting the amended motion to compel without first conducting an
 
 in camera
 
 review or delineating the scope of the privilege waiver. The trial court should have conducted an
 
 in camera
 
 review of the allegedly privi
 
 *782
 
 leged documents pursuant to
 
 Old Holdings Ltd.
 
 and delineated the scope of the waiver pursuant to
 
 Courville.
 

 Certiorari granted, trial court order quashed, and remanded to the trial court for further proceedings.
 

 DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . A motion for rehearing is not authorized from an interlocutory or non-final order.
 
 Wagner v. Bieley, Wagner & Assoc., Inc.,
 
 263 So.2d 1, 3 (Fla.1972). While such a motion does not toll the time for petitioning for cer-tiorari relief, this does not mean that trial courts are precluded from considering rehearing.