SHANNON, Judge.
The appellants, defendants below, appeal from a final judgment against them and in favor of the appellee, plaintiff below, in an action for a real estate commission. The defendants owned a home as an estate by the entireties. The plaintiff secured an open listing on this property at the price of $16,900 from one of the defendants, but the record does not disclose from which defendant the plaintiff took the listing. A deposit receipt contract, dated October 24, 1957, and signed only by the purchaser, provided for a sales price of $16,800 for the property and that the refrigerator and drapes were included. The salesman for plaintiff testified, in part, as follows:
“Q. Now, did you ever present any instrument of any kind or, let us put it this way, did you ever present this or any other deposit receipt contract to Mrs. Mister? A. No, never to Mrs. Mister; Just to Mr. Mister.”
The prospective purchaser, who was a woman employee of the plaintiff at the time, in her testimony said:
“Q. What did Mr. Mister say, if you recall? A. As I say, it’s been over a year and my impression still is that his wife was not there and until she returned, nothing would be done.
“Q. Was he agreeable to selling? A. I don’t know. * * *
“Q. Now, did you ever see Mrs. Mister any other time than that — I mean related to this transaction — than that first time that you and Mr. Mueller went up there? A. Yes, I did.
“Q. I say Mrs. Mister. A. Oh, not Mrs. Mister, no.
“Q. You never saw her at any time during the course of this— A. No. ‡ ‡ ‡
“Q. You think she did want to sell it then? A. I don’t know. I haven’t the slightest idea. * * *
*508 “Q. And when you went to see Mr. Mister, his statement to you was that he couldn’t make any commitment because his wife was away, is that correct? A. That’s right.”
Mrs. Mister, who saw the plaintiff or his agents just once, testified in part as follows :
“Q. As nearly as you can relate, tell the Court what transpired from the time they came, he and Mrs. Rup-pel, came on the premises until the time they left. A. Mr. Mueller said that he had a listing for the house; that he knew the house was for sale; and I told him my husband often wanted to sell it, but I thought that we had an agreement in the spring that it was no longer for sale. They said — They asked if they could see it and I showed them through.
Mrs. Ruppel said she didn’t like the house, didn’t have bookcases, and I was real pleased. In case my husband had changed his mind and still wanted to sell the house, I was glad that she didn’t like it, but I told him that I never liked the idea of selling, but if my husband wanted to, I was willing.”
Mrs. Mister also testified, and that was uncontradicted, that she was out of the city from October 19 until November 7, 1957.
In the record is a letter from the plaintiff addressed to Mr. Mister, dated November 5, 1957, wherein he informed Mr. Mister that the prospective purchaser had withdrawn from the contract to purchase, and he demanded his commission. The court below, at a trial without a jury, determined that Mr. and Mrs. Mister were liable for the commission, although the defendants had made a motion for a verdict at the conclusion of all the testimony.
The theory of the plaintiff’s case was that while the property was an estate by the entireties, Mrs. Mister had impliedly made Mr. Mister her agent for the purpose of the listing contract. The premises was an estate by the entireties, nothing was signed by either party, and the evidence does not either directly or indirectly support this theory, nor has the plaintiff cited any authorities to support his theory under the circumstances of this case. Hence, we think the trial court should have entered a judgment in favor of the defendants at the conclusion of all the testimony.
Reversed with instructions to the lower court to enter a judgment for the defendants.
Reversed.
ALLEN, C. J., and KANNER, J., concur.