HENDRY, Judge.
Appellant, plaintiff below, filed suit against appellee-defendant seeking to recover amounts allegedly due under an oral real estate listing agreement. Defendant moved for summary judgment, the motion being accompanied by supporting affidavits showing, among other things, that the property which was the subject of the purported contract was owned by defendant and his wife as an estate by the entirety and that the contract, if in fact one existed, was with the defendant only. Plaintiff filed counter-affidavits. The trial judge granted summary judgment in favor of the defendant and plaintiff appeals.
The order granting summary judgment recites that the same was granted, “* * * upon the authority of Mister v. Thompson, (1959 Fla.App.) 114 So.2d 507. * * * ” Mister v. Thompson, supra, relied upon by the trial judge, was a case wherein an alleged listing contract was given by only one spouse, but the property was held as a tenancy by the entirety. After trial without jury, the court entered judgment for the plaintiff, awarding him the commission he sought to collect. In reversing, the Florida District Court of Appeal, Second District, said:
“The theory of the plaintiff’s case was that while the property was an estate by the entireties, Mrs. Mister had impliedly made Mr. Mister her agent for the purpose of the listing contract. The premises was an estate by the entireties, nothing was signed by either party, and the evidence does not either directly or indirectly support this theory, nor has the plaintiff cited any authorities to support his theory under the circumstances of this case.”
However, we think that the Mister case stands only for the proposition that a plaintiff who fails to prove his cause of action can not recover. The court in Mister states that plaintiff has not supported his theory of action, i. e. agency, by evidence. This is not to say that there is no other theory upon which recovery might be had, nor indeed does it preclude the supposition that the plaintiff might have won upon *754 the theory he used had he offered sufficient evidence. The Mister case is, therefore, inapposite to the cause here before us.
Thus, having precluded reliance upon the Mister case, we are unable to say on the basis of the record before us that the defendant was entitled to summary judgment as a matter of law upon the principles expressed in Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, and Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780. Accordingly, we reverse and remand the cause to the circuit court for further proceedings.
Reversed and remanded.