CARROLL, DONALD K., Judge.
The plaintiff in an action on two mortgage protection insurance policies has appealed from a final summary judgment for the defendant entered by the Court of Record for Escambia County.
The basic question presented for our determination in this appeal is whether at the hearing on the defendant’s motion for a summary judgment there was no genuine issue as to any material fact and the defendant was entitled to a judgment as a matter of law.
This question arises in this form because the authority for the entry of summary judgments is founded upon Rule 1.510, Florida Rules of Civil- Procedure, 31 F.S.A., which provides that at the hearing on a motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions [answers to interrogatories] and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment * * * as a matter of law.”
The undisputed facts are as follows: On or about June 1, 1965, the defendant issued its said two mortgage protection insurance policies, which, among other things, insured the plaintiff for loss resulting from injury or sickness, agreeing to pay to the plaintiff a monthly indemnity for such loss. The word “sickness,” as used in the policies, is defined therein to mean “sickness or disease for which no medical treatment has been afforded within 12 months prior to the effective date of this Policy.” “Injury” is defined therein to mean “bodily injury caused by an accident occurring while this policy is in force and resulting in loss covered by this policy.”
On or about November 4, 1966, the plaintiff, while working at an Air Force base, bent over and sustained a herniated disc, *12 was admitted to a hospital for treatment, and was unable to return to work. He filed a claim with the defendant for indemnity-payments under the said two policies. It denied this claim in a letter to the plaintiff, reading in pertinent part: “Your mortgage Protection Policy with our Company provides benefits for illness or accidents occurring after the effective date of your policy for which no treatment has been rendered within the past year. From the information contained in our files it appears that your condition was present and that you were treated within the year prior to the effective date of the policy, therefore, no benefits are payable on this particular claim.”
Among the defenses filed by the defendant to the plaintiff’s complaint was an amendment to its second defense setting forth the above-quoted definitions of “injury” and “sickness” in the policies and alleging that the plaintiff was not wholly and continuously disabled “as the result of injury or sickness commencing while the policy in question was in force. * * * ” In the summary judgment appealed from herein the court stated that it was of the opinion that the defendant’s second defense was valid.
It was a genuine issue of material fact, therefore, whether the injury or sickness which disabled the plaintiff commenced while the policies were in force.
We have carefully examined the evidence which was before the Court of Record at the hearing on the defendant’s motion for summary judgment, and find that there was a conflict in the evidence as to the said issue, or, more accurately, a conflict .in the inferences reasonably deducible from the evidence. In several decisions this court has pointed out that, under our procedural rules, a summary judgment should not be entered where the evidence is in conflict as to a material fact and also should not enter such a judgment where the evidence as to a material fact is undisputed, if there are conflicting inferences of fact reasonably deducible from that undisputed evidence. One of these decisions in which we recognized this rule is Baskin v. Griffith, 127 So.2d 467 (1961), in which we stated the rule in the following way:
“The words in the quoted rule ‘no genuine issue as to any material fact’ may often fail to convey the depth of their meaning as stating a condition to the entry of a summary judgment or a summary final decree, as the quoted words have been construed and applied by the cotirts of this state. For instance, all of the evidence in a case may be uncon-troverted, yet there may nevertheless exist a genuine issue as to a material fact that would preclude the lawful entry of a summary judgment or decree — when the evidence, though uncontroverted, is such that reasonable men might properly draw conflicting inferences of fact therefrom. Weber v. Porco, Fla.1958, 100 So.2d 146; Smith v. City of Daytona Beach, Fla.App.1960, 121 So.2d 440; Halavin v. Tamiami Trail Tours, Inc., Fla.App.1960, 124 So.2d 746; Register v. Redding, Fla.App., 126 So.2d 289.”
Applying the foregoing rule to the case at bar, we find sufficient evidence to support the court’s finding in the summary judgment that the plaintiff’s injury or sickness commenced before the policies became effective, but we also find evidence from which a jury as reasonable men could have drawn inferences to the contrary. Thus a question of fact existed that should have been submitted to a jury for its determination.
Accordingly, the final summary judgment appealed from herein should be, and it is, reversed, and the cause remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
WIGGINTON, C. J. and SPECTOR, J., concur.