PER CURIAM.
The plaintiff, Industrial Sales and Service Corporation, appeals from a summary final judgment for the defendant, Duval Motors.
Plaintiff’s first two points assert that the trial court erred in the summary final judgment by holding (1) that plaintiff could not recover for breach of a contract as a matter of law and (2) that plaintiff could not recover for a tortious interference with business and contractual relations as a matter of law. We find no such rulings by the court in the final judgment.
The final judgment recites that the “pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue as to any material fact” and the defendant is entitled to a judgment as a matter of law.
We will not consider plaintiff’s first two points for reversal as we find that the trial court did not rule upon them. Plaintiff’s last point is directed toward the alleged error of the trial court in entering the final judgment because there were no genuine issues of material fact. This point is properly raised for consideration on appeal.
We have reviewed the record and find that there was conflicting and disputed evidence on several genuine issues of material fact which could not be resolved by the trial judge unless he passed upon the credi *892 bility of the witnesses or .weighed the evidence. He is not permitted to do this in ruling on motions for summary judgment. See Visingardi v. Tirone, Fla.1966, 193 So. 2d 601; Holl v. Talcott, Fla.1966, 191 So. 2d 40; Williams v. Board of Public Instruction, Fla. 1952, 61 So.2d 493; Crepaldi v. Wagner, Fla.App.1961, 132 So.2d 222; and Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404.
The summary final judgment is reversed and the cause remanded for further action consistent herewith.
It is so ordered.