252 So.2d 576 (1971)
Lloyd HEROLD, Appellant,
v.
COMPUTER COMPONENTS INTERNATIONAL, INC., a Florida Corporation et al., Appellees.
Nos. 70-894, 70-926.
District Court of Appeal of Florida, Fourth District.
September 17, 1971.
*578 Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellant.
Robert T. Scott, of Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for appellee Computer Components.
Phil D. O'Connell and Daniel W. O'Connell, of O'Connell & Cooper, West Palm Beach, for appellees Joseph F. Griffin Co. and Florence F. Griffin.
PER CURIAM.
This is an appeal from two final orders of the trial court: (1) a final order striking the complaint and pleadings filed by plaintiff Herold against Joseph F. Griffin Co. and Florence F. Griffin (Griffin) and dismissing the same with prejudice, and (2) a summary judgment in favor of defendant Computer Components International, Inc. (Computer) and against plaintiff Herold.
Plaintiff's complaint seeks to recover the sum of $9,000.00 alleged to be due from defendants under an oral contract arising out of a negotiated settlement of attorney's fees. A complete recitation of the facts giving rise to the complaint is not material to the disposition of the instant appeal.
Apart from the allegations relating to the services alleged to have been rendered from Griffin and Computer giving rise to the settlement, the thrust of plaintiff's allegation with respect to the liability of Computer is predicated upon the assertion that Florence Griffin was the agent for Computer and was acting in that capacity when she undertook to negotiate a compromise settlement for services alleged to have been rendered by plaintiff.
The trial court struck the plaintiff's pleadings and dismissed his complaint pursuant to Rule 1.380(b) (2) (iii), 30 F.S.A. for plaintiff's failure to comply with an order of the court requiring more "complete answers" to interrogatories previously propounded by Griffin. The trial court had, prior thereto, issued several other orders compelling plaintiff to serve better answers to the interrogatories to which he attempted to respond. The interrogatories for which better answers were compelled related to the nature and extent of legal services alleged to have been rendered to Griffin. Plaintiff's answers to these interrogatories were vague, unresponsive and lacked the specificity contemplated by the interrogatories; in some instances the answers made reference to other answers previously filed, i.e. "see answer to interrogatory ____ above".
The plaintiff candidly admits that he did not comply with the circuit court's last order requesting more complete answers. Plaintiff, however, submits that he advised the trial court of the reasons for being unable to give more specific answers with the preface that:
"* * * Plaintiff has endeavored in good faith to comply with the Court's Order and for this purpose has again made an investigation of his records and is compelled, in view of the circumstances hereinafter referred to, to state that he is unable to make more complete answers to these interrogatories than as heretobefore been filed * * *". (Emphasis added.)
A review of the record reflects that the trial court exhibited considerable judicial patience and restraint before applying the sanctions set forth in Rule 1.380, endeavoring to afford the plaintiff every possible opportunity to submit more complete answers to the interrogatories previously propounded. The trial court finally struck plaintiff's pleadings and dismissed his complaint. While we are of the view that plaintiff's answers do not comply with the spirit of the rules relating to discovery, based upon the record in the case sub judice we are unable to conclude that the plaintiff's *579 failure to furnish better answers justified dismissal of his complaint.
Rule 1.380, FRCP, sets forth those consequences that a party may suffer for refusal to make discovery. Upon refusal of a party to answer any interrogatory the court may enter an order compelling an answer (1.380(a)). If any party refuses to obey an order made as aforesaid the court may enter an order striking out pleadings or dismissing the action (1.380(b) (2) (iii)).
The issuance of an order compelling a party to answer and for failure to do so directing a dismissal of the cause would appear to presuppose the refusal of the party to have initially answered or otherwise complied with the order of the court. In the case sub judice plaintiff has not refused to answer but instead has served answers which did not fully or adequately respond to the interrogatories propounded. We feel there is a distinction between a refusal to answer and an incomplete or insufficient answer insofar as it relates to a failure to comply with a court order entered pursuant thereto. In either situation the trial court would be authorized to issue an order either compelling an answer or compelling a more complete answer. In the event of a party's noncompliance the trial court would have a broad discretion under Rule 1.380 to make whatever disposition is just in light of the facts of the particular case, since the purpose of this rule is to make available to the court the means of preventing injustice when one party has by his conduct placed the other party at an unfair disadvantage.
The sanctions provided under this rule, particularly the striking of pleadings and dismissal of a cause should be imposed only in the exceptional case. The federal courts in interpreting the federal counterpart to Rule 1.380 have had considerable difficulty in delineating exceptional cases. There have been indications that the exceptional case is where the recalcitrant party has acted in wilful disregard of or with gross indifference to an order of the court requiring discovery with such deliberate callousness or negligence as to occasion an inability to comply with the court's order. 2 A.L.R.Fed. 811; Wembley, Inc. v. Diplomat Tie Company, D.C.Md. 1963, 216 F. Supp. 565; Hinson v. Michigan Mutual Liability Company, 5 Cir.1960, 275 F.2d 537; Roth v. Paramount Pictures Corp., W.D.Pa. 1948, 8 F.R.D. 31; Campbell v. Johnson, D.C.S.D.N.Y. 1951, 101 F. Supp. 705. In Societe Internationale etc. v. Rogers, 1958, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, the Supreme Court of the United States concluded that a "refusal" under this rule simply meant a "failure" to comply and that wilfullness was relevant only to the selection of sanctions, if any, to be imposed. The 1970 revision of Federal Rules of Civil Procedure, particularly Rule 37, the federal counterpart to Rule 1.380, has completely eliminated the term "refusal" and has substituted the term failure to answer or failure to obey, thereby completely removing any necessity as to the intent of the noncomplying party. In addition, Rule 37(a) (3) spells out with particularity that "an evasive or incomplete answer is to be treated as a failure to answer" giving rise to the imposition of the appropriate sanctions.
Obviously our rules must be interpreted in light of its present terminology and in view of its intended function and purpose. The rules themselves are to be construed so as to secure the just, speedy and inexpensive determination of every action and the attainment of substantial justice. The rules relating to discovery are intended to limit matters in controversy and to avoid unnecessary testimony thereby assisting all parties in the preparation and defense of their cases. As the Supreme Court observed in Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662, at 664:
"* * * No longer are we concerned with the `tricks and technicalities of the trade'. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which *580 the technique of the maneuver captures the prize."
Where interrogatories are propounded and a party refuses to answer (or obey a court order resulting therefrom) such refusal will subject the party to those consequences set forth in Rule 1.380(b). An evasive or incomplete answer may, in certain circumstances, be tantamount to a refusal to answer. A court is therefore justified in issuing an order either compelling a party to answer or compelling a party to submit a more complete answer. In the case where a party refuses to answer, a mere failure to comply with an order of the court compelling an answer may result in sanctions under Rule 1.380 and no wilful disregard or deliberate intent to disobey is required to be shown. On the other hand, where a party has been compelled to submit a more complete answer and indicates his inability to comply with such order, the sanction of dismissing the pleadings of the recalcitrant party ought not to be imposed where there has been a good faith effort to comply; stated differently, where the trial court finds bad faith or a wilful disregard of or gross indifference to its order such sanction may be justified. While we do not conclude that in order to impose the sanction of dismissal against a party who has failed to comply with an order requiring more complete answers it is necessary to demonstrate wilful or gross indifference, we do hold that in such situations these factors ought to be considered and are relevant to the sanctions sought to be imposed.
In the case sub judice plaintiff has attempted to comply with the order of the trial court and has sought to explain his inability to submit more complete answers as required by the court. Whether or not there has been a good faith compliance with the trial court order, taking into consideration the nature of the interrogatories propounded, the answers thereto, the explanations and other surrounding factors, is a determination that should initially be made by the trial court. The order striking the plaintiff's pleadings and dismissing his complaint is silent as to any such determination and appears to be predicated solely upon the bare failure to furnish more complete answers without regard to those factors giving rise to such noncompliance. In reviewing the plaintiff's answers in connection with the imposition of sanctions, consideration ought to be given to the relevancy of the interrogatories propounded. As we view the proceedings below plaintiff is seeking a judgment based upon the breach of an oral contract of settlement; the essentials being whether the facts and law support the existence of such contract and liability thereon. The interrogatories in question concern the nature and extent of legal services rendered and as such their relevancy to the substance of the suit may have a bearing upon the determination of the character of plaintiff's responses. Clearly, the plaintiff waived his right to complain by reason of having failed to serve written objections within the time prescribed by Rule 1.340; nevertheless, consideration of the relevancy of the interrogatories propounded ought not to be rejected in determining the good or bad faith of the parties.
This court is reluctant to disturb an exercise of discretion by a trial judge; however, the sanction of dismissal is a severe one and when it appears that such imposition does not reflect a consideration of those factors which we deem essential, we would be remiss in our duties if we did not set it aside on the basis that the court exceeded its proper discretion.[1] We believe that under the facts and circumstances of this case the ends of justice would best be served by remanding this case for further consideration. Nothing herein is intended *581 to preclude the trial court from reimposing any sanction (including dismissal) as set forth in Rule 1.380 after full consideration of the criteria discussed. As an alternative to dismissal the court may limit plaintiff's introduction of evidence with respect to any of the matters embraced by the answers to the propounded interrogatories. (See Life Music, Inc. v. Broadcast Music, Inc., D.C.S.D.N.Y. 1966, 41 F.R.D. 16).
With respect to the trial court's entry of a summary judgment in favor of Computer we are of the opinion that a material factual issue exists so as to preclude the entry thereof. Plaintiff's alleged liability of Computer is predicated upon the asserted existence of an agency relationship between Francis Griffin and Computer; that when Francis Griffin (through her attorney) undertook to and allegedly effectuated a settlement for legal services she was at the time acting as agent for Computer. When considering the evidence before the trial court, including pleadings, interrogatories, depositions, affidavits and other instruments, we cannot conclude that there is no reasonable inference that would give rise to a disputed fact issue.[2] Shollenberger v. Baskin, Fla.App. 1969, 227 So.2d 79. A summary judgment should not be entered where the evidence as to a material fact is undisputed if there are conflicting inferences of fact reasonably deducible from that undisputed evidence. Tatman v. American Heritage Life Insurance Co., Fla.App. 1968, 215 So.2d 11. Proceedings for a summary judgment may never be used as a substitute for a trial if from the evidence before the court there appears to be a genuine issue of some material fact which must be established in order for either party to prevail. Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109. The trial court may not try or determine factual issues in such proceedings, Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Jones v. Stoutenburgh, Fla. 1956, 91 So.2d 299; Willard Homes, Inc. v. Sanders, Fla.App. 1961, 127 So.2d 696.
Plaintiff asserted the existence of an agency relationship between Griffin and Computer and defendants asserted the nonexistence of any such agency relationship. Clearly, a material fact issue existed with respect to this agency relationship. To determine that no relationship existed would of necessity have required the trial court to try and weigh the facts which determination ought not be made in summary judgment proceedings. American Ladder & Scaffold Co. v. Miami Vent. Awn. Mfg. Co., Fla.App. 1964, 161 So.2d 699; see also Osher v. Carvel, Fla.App. 1967, 201 So.2d 753; Rand Broadcasting of Tampa-St. Petersburg, Inc. v. Packwood, Fla.App. *582 1965, 181 So.2d 350. See also Industrial Sales & Service Corp. v. Duval Motors, Fla. App. 1971, 245 So.2d 891.
Reversed.
WALDEN and MAGER, JJ., concur.
MELVIN, WOODROW M., Associate Judge, dissents, without opinion.
NOTES
[1] See "An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance with Pre-Trial Orders", 29 F.R.D. 191, 421, 425. See also Campbell v. Eastland, 5 Cir.1962, 307 F.2d 478.
[2] For the purpose of determining the existence or nonexistence of a material fact issue and those reasonable inferences that may be drawn from the evidence giving rise to a disputed fact issue, the letter written by Griffin to plaintiff and appended to his motion for summary judgment was properly before the court. Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Feiner's Organization, Inc. v. Dickson, Fla.App. 1959, 114 So.2d 513. Parenthetically, we note that the record does not reflect any objection to this attachment. The letter in question, coupled with pleadings, affidavits, etc., was and could be considered by the trial court (and this court) in ascertaining whether a genuine issue of material fact existed so as to permit or preclude the entry of summary judgment. This observation is not inconsistent with our decision in First National Bank in Fort Lauderdale v. Hunt, Fla.App. 1971, 244 So.2d 481, wherein we held that exhibits attached to a motion for summary judgment having never been admitted into evidence, were not a proper part of the record to be presented to an appellate court to support a factual determination appearing in a trial court order. In Hunt the court did not enter a summary judgment but instead entered a final judgment after an evidentiary hearing which final judgment made findings of fact. There is no such similarity between the order of final summary judgment under review and the order involved in Hunt so as to make our observation here in any way inconsistent with our observations in Hunt.