DELL, Judge.
Appellants seek reversal of a non-final order striking their pleadings and entering a default against them.
Appellee filed suit against appellants for breach of contract, fraud and an accounting. On March 19, 1987, appellee served appellants’ counsel with a request for production of documents. On May 4, 1987, appellees moved to compel production of the documents. Appellants’ counsel advised that appellants had the requested materials in their possession and available for inspection at its business office in Indiana. On November 2, 1987, appellee again moved to compel the production of documents. Appellants responded on November 23 with a motion for protection in which appellants again stated,
That the production requested by the Plaintiff is available at any time for the Plaintiff to go to the physical address and review any and all documents but it is impossible to transport them because of the cost.
*1137 On January 20, 1988, the trial court granted appellee’s motion and required appellants to immediately furnish appellee with the documents in Broward County, Florida. Appellants did not comply with this order and on February 11, 1988, appellee filed a motion for contempt and sanctions. The trial court held appellants in contempt for failure to comply with its order of January 20, but provided that appellants could purge themselves of contempt by delivering the documents by noon, February 19, 1988. Appellants subsequently provided appellee with five boxes of business records. On April 28,1988, appellee filed a motion to strike appellants’ pleadings, claiming that the materials produced did not include all of the documents described in his request for production of documents. Appellants filed a response to appellee’s motion for contempt and sanctions in which they claimed that they did not have the items described in paragraphs 2, 3 and 4 of appellee’s request for production. In support of their response, they attached a purported affidavit from the president of Beck’s Transfer, Inc.
The hearing on appellee’s motion for contempt and sanctions was not reported. The trial court found that:
At the hearing on May 5, 1988 on Plaintiff’s Motion to Strike Defendants/Counter Plaintiffs’ Pleadings, Defendants/Counter Plaintiffs filed a response to Plaintiff’s Motion. The response contained a copy of a letter dated May 3, 1988 which appears to be an attempt to set forth a sworn statement by Defendant, RONALD L. BECK. The original of this letter was not produced. Also, this letter is defective to the extent it attempts to set forth a statement under oath. The copy of the letter is not of sufficient evidentiary value and it is a nullity. Furthermore, the Court finds that this response indicates conclusively that the documents requested do in fact exist and have not been produced despite two (2) Orders requiring production and without any justifiable excuse. Specifically, there is no indication in the response that Defendants/Counter Plaintiffs are not in possession; of checks from Allied Van Lines to BECK’S TRANSFER, INC.; of the abstracts requested, etc.
The trial court held that appellants’ conduct evinced a wilful, deliberate and contumacious disregard for the court’s previous orders, struck appellants’ pleadings and entered a default against them.
It appears the trial court relied heavily upon appellants’ early representations concerning the existence of the records and concluded that the documents did exist despite appellants’ later representations to the contrary. Appellee did not present any competent evidence to establish that the five boxes of records furnished by appellants did not comply with the court’s previous order, and no evidence that the documents did in fact exist. Appellants asserted in their response to appel-lee’s motion for sanctions that it had complied with appellee’s request to produce and also claimed that they did not have copies of the Allied Van Line checks. The trial court had no evidence from either side concerning the compliance or lack thereof with the court’s previous order. Appellee’s pleadings and argument did not constitute evidence. See Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). In Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971), we said:
This court is reluctant to disturb an exercise of discretion by a trial judge; however, the sanction of dismissal is a severe one and when it appears that such imposition does not reflect a consideration of those factors which we deem essential, we would be remiss in our duties if we did not set it aside on the basis that the court exceeded its proper discretion.
Id. at 580.
We hold that the present record does not establish a wilful, deliberate and contumacious disregard of the court’s orders and that it clearly fails to support the ultimate sanction of striking the pleadings and entry of a default. However, it should be noted that this opinion should not be construed as a bar to the entry of such sanctions as may be appropriate (including entry of a de *1138 fault) upon showing by competent evidence that appellants wilfully and deliberately failed to comply with the court’s order compelling discovery.
Accordingly, we reverse the order striking appellants’ pleadings and entering a default against them and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DOWNEY and STONE, JJ„ concur.