985 So.2d 1174 (2008)
The EVENT FIRM, LLC, etc., Petitioner,
v.
Jean H. AUGUSTIN, Respondent.
No. 3D07-2423.
District Court of Appeal of Florida, Third District.
July 2, 2008.
*1175 Adorno & Yoss, Alan Rosenthal, Natalie J. Carlos, and Tenikka L. Cunningham, Miami, for petitioner.
Anderson & Ozcan, Mercedes Ozcan, and Esteban Anderson, Miami, for respondent.
Before GERSTEN, C.J., and RAMIREZ, J., and SCHWARTZ, Senior Judge.
PER CURIAM.
Petitioner, The Event Firm, LLC ("TEF"), seeks certiorari review of an order disqualifying counsel, Adorno & Yoss, LLP and Alan Rosenthal ("the attorneys"). We grant the petition.
TEF is an event planning business, with three managing members, Fe Domenech, Art Izquierdo, and respondent, Jean H. Augustin ("Augustin"). The attorneys represented TEF in preparing the organizational documents, and also in defending a separate lawsuit against TEF. When TEF sued Augustin, Augustin moved to disqualify the attorneys from representing TEF. The trial court disqualified the attorneys without an evidentiary hearing.
Augustin contends that TEF is not entitled to certiorari relief because TEF has suffered no irreparable harm and is free to retain other counsel. Further, Augustin contends the trial court properly determined that a conflicting attorney-client relationship exists or existed between Augustin and the attorneys.
TEF asserts that, in disqualifying its counsel without an evidentiary hearing, the trial court departed from the essential requirements of law. TEF argues that the trial court had no evidentiary basis for finding an attorney-client relationship. We agree with TEF.
First, certiorari is the proper method to obtain review of a disqualification order because denying a party counsel of his or her choice is a material injury without appellate remedy. See, e.g., Akrey v. *1176 Kindred Nursing Ctrs. E., LLC, 837 So.2d 1142, 1144 (Fla. 2d DCA 2003). Thus, TEF is entitled to certiorari review of the disqualification order.
Next, we consider if the trial court took a procedural misstep in deciding whether disqualification was warranted. Where disqualification is based on a conflict of interest between clients, the trial court must first determine whether an attorney-client relationship exists or existed between the non-moving party and the challenged attorney. See, e.g., Gonzalez ex rel. Colonial Bank v. Chillura, 892 So.2d 1075 (Fla. 2d DCA 2004). Where material facts, necessary to determine disqualification, are in dispute, a trial court should hold an evidentiary hearing. See, e.g., Quality Air Conditioning Co. v. Vrastil, 895 So.2d 1236 (Fla. 4th DCA 2005). Further, neither unverified motions nor legal argument constitute competent evidence for a factual determination. See generally Beck's Transfer, Inc. v. Peairs, 532 So.2d 1136, 1137 (Fla. 4th DCA 1988).
Here, there was a clear dispute as to whether the attorneys represented Augustin. TEF claimed the attorneys represented only the business. Augustin alleged that he was led to believe otherwise. The trial court relied on the court file and the parties argument, which were insufficient to resolve the attorney-client relationship dispute. Thus, the trial court should have held an evidentiary hearing before disqualifying TEF's counsel.
Accordingly, we grant the petition for writ of certiorari, reverse the order disqualifying the attorneys, and remand for an evidentiary hearing.
Petition granted, order reversed and remanded for an evidentiary hearing.