CRENSHAW, Judge.
 

 Alexander L. Kaplan and Denise A. Kaplan petition this court for a writ of certiorari to review the circuit court’s order denying the Kaplans’ motion to disqualify Divosta Homes, L.P., and Village Walk of Bonita Springs Homeowners Association, Inc.’s (the Respondents’) counsel, Robert G. Menzies, and his law firm of Roetzel & Andress (the Firm). Because the Kaplans’ motion to disqualify counsel failed to meet the procedural and substantive requirements for disqualification, we deny the Kaplans’ petition for certiorari.
 

 The Kaplans brought a personal injury action against the Respondents arising from the purchase of a new home allegedly contaminated with toxic mold. The Kap-lans filed a motion to disqualify the Respondents’ counsel, Robert G. Menzies, and the Firm, arguing that the Firm’s adverse representation presented “a serious conflict of interest.” To support their allegations of a conflict of interest, the Kaplans described the following circumstances. First, the Kaplans stated that Mr. Kaplan is a party to a probate action in which Cathy Reiman, Menzies’ colleague at the Firm, represents an adverse party.
 
 [1]
 
 The Kaplans argued that Reiman owes Mr. Kaplan a fiduciary duty since he is a beneficiary and Reiman is the personal representative’s attorney.
 
 [2]
 
 Additionally, the Kaplans stated that they revealed information about this case to a next-door neighbor’s relatives. They discovered that the neighbor is an attorney whose firm also represents an adverse party in the probate case. The Kaplans argued that the neighbor-attorney passed “a direct pipeline for information and cooperation” relating to this case to the Firm, which created a conflict and gave the Respondents an unfair advantage in the pending litigation. The Kaplans argued that Menzies and the Firm have “access to privileged and confidential information in this
 
 Divosta
 
 litigation, the full extent of which is unknown [and which will] only serve to obscure and obfuscate the relevant facts of the instant case ... as well as give [the Respondents] an unfair glimpse into privileged information.” After considering these allegations, the trial court denied the Kaplans’ motion to disqualify opposing counsel. The petition for writ of certiorari followed.
 

 The standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion.
 
 Applied Digital Solutions, Inc. v. Vasa,
 
 941 So.2d 404, 408 (Fla. 4th DCA 2006). Disqualification of a party’s counsel is an extraordinary remedy and should be resorted to sparingly.
 
 Vick v. Bailey,
 
 777 So.2d 1005, 1007 (Fla. 2d DCA 2000). When confronted with a motion to disqualify, a court must consider the competing interests of maintaining professional standards
 
 *462
 
 and preserving client confidences, and on the other hand, permitting a party to hire their counsel of choice.
 
 Manning v. Cooper,
 
 981 So.2d 668, 670 (Fla. 4th DCA 2008). “An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct.”
 
 Estright v. Bay Point Improvement Ass’n, Inc.,
 
 921 So.2d 810, 811 (Fla. 1st DCA 2006) (quoting
 
 Morse v. Clark,
 
 890 So.2d 496, 497 (Fla. 5th DCA 2004)).
 
 [3]
 
 A party seeking to disqualify opposing counsel based on a conflict of interest must demonstrate that:
 

 (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client.
 

 State Farm Mut. Auto. Ins. Co. v. K.A.W.,
 
 575 So.2d 680, 633 (Fla.1991).
 

 Because no attorney-client relationship existed between the Kaplans and the Firm, the Kaplans failed to meet the threshold requirement for disqualification based on a conflict of interest.
 
 See
 
 R. Regulating Fla. Bar 4-1.7 (discussing conflict of interest pertaining to current clients); 4-1.9 (discussing conflict of interest pertaining to former clients). Mr. Kaplan conceded that the Firm was always an adversary to him.
 

 The Kaplans assert that disqualification is necessary because the Firm owes Mr. Kaplan a fiduciary duty arising from the separate probate matter. We find this argument to be without merit. Even if there were some type of fiduciary duty relating to the administration of the estate, that relationship does not create an attorney-client relationship requiring disqualification.
 
 See In re Estate of Gory,
 
 570 So.2d 1381, 1383 (Fla. 4th DCA 1990) (holding that if counsel for the personal representative of an estate owes a fiduciary duty to the beneficiaries, “[t]his does not mean ... that counsel and the beneficiaries occupy an attorney-client relationship” because the comments to rule 4-1.7 state that “the personal representative is the client rather than the estate or the beneficiaries”).
 

 Finally, we find the Kaplans’ argument that the Respondents have access to privileged and confidential information relating to the probate action and this case warranting disqualification to be without merit. The Kaplans speculate that confidential information relating to this case was passed from the neighbor’s relatives to the neighbor, to the neighbor’s firm, and then to the Firm. This argument fails on multiple grounds. First, communication between the Kaplans and their neighbor’s relatives does not constitute confidential communication because the Kaplans had no reasonable expectation of privacy during the conversations.
 
 See
 
 § 90.507, Fla. Stat. (2008) (“A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person ... voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privaey[.]”). Second, the Kaplans were not engaged in an attorney-client relationship with the neighbor, his relatives, or the Firm.
 
 See
 
 R. Regulating Fla. Bar 4-1.6(a) (“A lawyer shall not reveal information relating to representation of a client ...”). Third, the Rules of Professional Conduct addressing the use of information to the disadvantage of another party only contemplate situations where information is gained from and used against a prior or
 
 *463
 
 current client.
 
 See
 
 R. Regulating Fla. Bar 4-1.8(b) (“A lawyer shall not use information relating to representation of a client to the disadvantage of the client ...”); 4-1.9(b) (stating that a lawyer who has formerly represented a client in a matter shall not thereafter “use information relating to the representation to the disadvantage of the former client except ... when the information has become generally known.”).
 

 We also conclude that the Firm does not have access to confidential documents and information produced in the probate matter. When asked at a hearing whether the information gained in the probate matter was confidential, Mr. Kaplan conceded it was not because “ultimately, it will come out.” Further, since this case places Mr. Kaplan’s medical condition at issue, Mr. Kaplan cannot argue that his medical documents and information are confidential because they are subject to discovery. Mr. Kaplan’s concern was the Firm’s access to the information in advance, which “is giving [the Respondents] a very strong advantage which they are not entitled to,” and we do not find that this circumstance warrants disqualification.
 

 Because the Kaplans’ motion to disqualify failed to meet the procedural and substantive requirements for disqualification, and because the Kaplans and the Firm never shared an attorney-client relationship, we find that the trial court did not abuse its discretion in denying the Kap-lans’ motion to disqualify. Accordingly, we deny the Kaplans’ petition for certiora-ri.
 

 Petition denied.
 

 SILBERMAN and KELLY, JJ., Concur.
 

 [1]
 

 . The probate matter has resulted in seven trial court cases, eight appellate proceedings, and two bar complaints filed by Kaplan against Reiman, both of which the Florida Bar dismissed as meritless. At a hearing on April 20, 2009, Mr. Kaplan argued “[b]ecause of [Menzies’] prior involvement representing Reiman Rosman [in a defamation action which was voluntarily dismissed,] Mr. Menzies and his firm should never have ethically accepted representation in this case."
 

 [2]
 

 . Specifically, in the Kaplans' motion to disqualify opposing counsel, Mr. Kaplan argued "It must also be recognized that as one of two primary beneficiaries of the state [sic], a certain fiduciary duty is owed by the Personal Representative and Ms. Reiman Rosman (as his attorney) to me.”
 

 [3]
 

 . We note that the Kaplans do not rely on any citation to the Florida Bar Rules of Professional Conduct in their motion to disqualify or in their petition for writ of certiorari.