WELLS, Judge.
 

 Petitioner, The Continental Casualty Company, seeks certiorari review of an order disqualifying its counsel, Houck Anderson, P.A, from representing it in the instant action. Finding that the trial court departed from the essential requirements of the law, we grant the petition.
 
 See Event Firm, LLC v. Augustin,
 
 985 So.2d 1174, 1175 (Fla. 3d DCA 2008) (noting that “certiorari is the proper method to obtain review of a disqualification order because denying a party counsel of his or her choice is a material injury without appellate remedy”).
 

 In April 2008, Petitioner paid $77,000 to its insureds, Respondents Robert and Richard Przewoznik, for damages sustained to their insured vessel when it sunk. In July 2010, Petitioner filed the underlying lawsuit against Respondents, asserting various claims related to the $77,000 payment.
 
 [1]
 
 Respondents thereafter moved to disqualify Petitioner’s counsel, Houck Anderson, P.A., based on a purported conflict of interest in violation of the Rules of Professional Conduct because Houck Anderson, P.A. also had represented another insurance company that, in a prior lawsuit, defended against Respondents’ claim for damages sustained to the same sunken vessel. According to the Respondents, “[b]y virtue of Houck Anderson’s representation of [both insurance companies], there is an irrefutable presumption that confidential information has been disclosed to Houck Anderson.”
 

 After holding a hearing on the motion, the trial court entered an order disqualifying Houck Anderson, P.A. In its order, the trial court recognized that disqualification of opposing counsel is generally disfavored,
 
 see Singer Island Ltd., Inc. v. Budget Constr. Co.,
 
 714 So.2d 651, 652 (Fla. 4th DCA 1998) (finding that “[disqualification of a party’s chosen counsel is an extraordinary remedy and should only be resorted to sparingly”), and that a party generally does not have standing to seek disqualification where, as here, there is no privity of contract between the attorney and the party claiming a conflict of interest.
 
 See Anderson Trucking Serv., Inc. v. Gibson,
 
 884 So.2d 1046, 1050-51 (Fla. 5th DCA 2004) (finding that a party did not have standing to seek to disqualify opposing counsel which had never previously represented that party). The trial court also did not find that Houck Anderson P.A. had violated any particular Rule of Professional Conduct. Nevertheless, based upon
 
 *692
 

 Kenn Air Corp. v. Gainesville-Alachua County Regional Airport Authority,
 
 593 So.2d 1219 (Fla. 1st DCA 1992), the trial court still disqualified Petitioner’s counsel because “[H]ouck Anderson’s involvement with so many aspects of the predecessor action and this action is so overweening [sic] that an appearance of impropriety is a natural consequence.” (Emphasis added).
 

 We find that the trial court misapplied
 
 Kenn Air Corp.
 
 as the main issue in that case was not the “appearance of impropriety,” but whether the petitioner had standing to seek to disqualify opposing counsel for a conflict of interest that violated the Rules of Professional Conduct. More specifically, our sister court considered whether a corporation had standing to seek disqualification of an attorney who had previously represented the corporation’s predecessor-in-interest in matters that were substantially related to the underlying litigation. Upon reviewing Rule 4-1.9 of the Rules Regulating the Florida Bar, which prohibits an attorney from switching sides in litigation, the First District found that the petitioner corporation could “stand in the shoes” of its predecessor-in-interest in order to seek disqualification based on an extension of the standing rule previously explicated by the Florida Supreme Court:
 

 The threshold question then is whether an attorney-client relationship existed. It is undisputed that no attorney-client relationship has ever existed between Kenn Air and Ireland. The question next to be answered is whether Kenn Air may “stand in the shoes” of [its predecessor-in-interest], Ireland’s former client, in order to have standing to make the motion for disqualification ....
 

 Kenn Air asserts a violation of rule 4-1.9, which provides that a lawyer who has formerly represented a client in the matter shall not thereafter represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interest of the former client unless the former client consents after consultation. The rule also prohibits the attorney from using information relating to the representation of a former client to the disadvantage of the former client. This rule is aimed at the problem of attorneys “switching sides,” and arises because the duty of confidentiality under rule 4-1.6 protects all confidences and information obtained during representation of a client, and because this duty continues even after the attorney-client relationship is terminated.
 

 As to the question of Kenn Air’s standing, the comment to rule 4-1.9 references the comment to rule 4-1.7, which recognizes that someone other than a client or former client may move for disqualification in instances involving conflicts of interest in simultaneous representations. That circumstance exists when the conflict is clear and the question of fair and efficient administration of justice is raised. Because switching sides and conflict of interest in simultaneous representation are two ethical violations that can be clearly seen by persons other than clients, we extend the standing rule set out in
 
 State Farm Mutual Automobile Insurance Co. v. K.A.W.,
 
 575 So.2d 680 (Fla.1991) (holding that an insurance company could “stand in the shoes” of its insured for the purpose of seeking disqualification of the opposing party’s attorney when there existed simultaneous representation of parties with conflicting interests), to the situation at bar and therefore afford Kenn Air standing to raise the motion for disqualification.
 

 Id.
 
 at 1222 (citations omitted).
 

 Having found that the corporation could stand in the shoes of its predecessor-in-
 
 *693
 
 interest and bring the disqualification motion, the
 
 Kenn Air Corp.
 
 court then turned to the merits of the motion, finding that disqualification was warranted because of the irrefutable presumption that the subject attorney was privy to confidential information due to his prior representation of the predecessor-in-interest, giving the impression that the attorney had switched sides in the current litigation:
 

 As to the merits of the motion, it is undisputed that Ireland had a longstanding relationship with Charter [the predecessor-in-interest] regarding its leases at the airport. Thus, an irrebuttable presumption arises that Charter disclosed confidences to Ireland during that representation. To allow Ireland to represent a successor of his former client’s adversary in a matter which appears to be substantially related to that in which Ireland previously represented the former client, Charter, creates the appearance that Ireland has switched sides.
 

 Upon consideration of the public’s perception of the integrity of the bar, and the appearance of impropriety that arises in situations in which an attorney switches sides, we conclude that the trial court departed from the essential requirements of law by denying Kenn Air’s motion for disqualification under the circumstances.
 

 Id.
 
 at 1228 (footnote omitted).
 

 Kenn Air Corp.
 
 is inapplicable here because Respondents have not demonstrated that they have any shoes to “stand in” in order to seek disqualification of opposing counsel. Indeed, Respondents cannot point to any legal relationship between either themselves or a predecessor-in-interest and Houck Anderson, P.A. in which confidences were disclosed with respect to their sunken vessel. Rather, it is undisputed that Respondents have always had separate counsel representing them in the lawsuits involving Respondents’ sunken vessel and that Houck Anderson, P.A., as opposing counsel in those lawsuits, has always been in an adversarial role to Respondents.
 

 K.A.W.,
 
 which permitted an insurer to “stand in the shoes” of its insured for purposes of seeking to disqualify opposing counsel, is also inapplicable. In that case, a family (husband, wife and daughter) retained the same counsel when they were injured in an automobile accident. When it was determined that the husband’s negligence may have contributed to the accident, the husband consented to the firm’s continued representation of his wife and daughter and then retained a new attorney for himself. The husband was then added as a defendant in the personal injury action brought against the driver of the other vehicle, wherein the husband consented to be sued up to the limits of his insurance coverage. The Florida Supreme Court found that the insurer was permitted to “stand in the shoes” of its insured, the husband, to seek disqualification of the wife and daughter’s law firm, notwithstanding the husband’s consent to the firm’s continued representation of his wife and daughter, because the action was “in reality ... an action by the mother and child against the parent’s insurance carriers” given that that husband was not exposed to any personal liability.
 
 K.A.W.,
 
 575 So.2d at 633. Nothing similar to the circumstances existing in
 
 K.A.W.
 
 are present here.
 

 We recognize that in reaching its decision in
 
 K.A.W.,
 
 the Florida Supreme Court noted that that “[cjomments to the Rules of Professional Conduct indicate that under certain circumstances someone other than the client may request disqualification,” as “where a conflict ‘is such as clearly to call in question the fair or efficient
 
 *694
 
 administration of justice.’”
 
 Id.
 
 at 632 (quoting cmt. to R. Regulating Fla. Bar 4-1.7). However, we decline to find that sufficient circumstances exist in this case which would satisfy this standard so as to give Respondents standing to seek disqualification of Houck Anderson, P.A.
 
 See, e.g., Anderson Trucking Serv., Inc.,
 
 884 So.2d at 1050-51 (refusing to extend the “fair administration of justice” standard stated in
 
 K.A.W.
 
 to give a plaintiff standing- to seek disqualification of opposing counsel, where opposing counsel never represented plaintiff and the alleged conflict of interest existed due to counsel’s continued representation of two defendants after withdrawing as counsel for a third co-defendant). While the trial court’s ruling to the contrary was premised upon the fact that Houck Anderson, P.A. represented another insurance company in a prior action involving the same sunken vessel that is involved in the instant lawsuit, this case does not involve circumstances where the law firm either disclosed confidences learned from representing Respondents or switched sides in violation of the Rules of Professional Conduct.
 
 See
 
 R. Regulating Fla. Bar 4-1.6; R. Regulating Fla. Bar 4-1.9. Accordingly, we find that the trial court departed from the essential requirements of the law in entering the order disqualifying Houck Anderson, P.A. as counsel for Petitioner.
 

 The petition for writ of certiorari is granted, the order granting disqualification is quashed, and the cause is remanded for further proceedings.
 

 [1]
 

 ; The Amended Complaint alleges claims for breach of contract (Count I), breach of constructive trust (Count II), and equitable subro-gation (Count III).