FERNANDEZ, J.
Miecosukee Tribe of Indians of Florida and Theresa Willie, individually and on behalf of the class, petition this Court to issue a writ of certiorari quashing the trial court’s order denying their motion to disqualify respondent’s attorney, Joseph P. Klock, Jr. Because we conclude that the unfair informational advantage standard does not apply where the same attorney represents adverse clients against the same party in cases that are not reasonably related, and that any claim that the respondent’s attorney has received confidential information is purely speculative at this time, we deny the petition.
In November 2011, petitioners filed a class action complaint against respondent, Dexter Wayne Lehtinen, alleging legal malpractice, breach of fiduciary duty, negligent misrepresentation, fraudulent misrepresentation, fraud, constructive fraud, and fraud in the inducement. In January 2012, respondent, represented by attorney Klock, filed his consolidated motion to dismiss and motion for summary judgment. Thereafter, petitioners filed their motion to disqualify attorney Klock, alleging that Klock represented clients in litigation against petitioners in other, unrelated matters and that Klock’s representation of respondent in the underlying case would give Klock access to confidential, attorney-client privileged information that he would then be able to use in those other unrelated cases. Petitioners claimed that attorney Klock would be privy to this confidential information because respondent was petitioners’ attorney for many years, and respondent possibly could divulge substantial, confidential information to Klock that would permit Klock to gain an unfair informational advantage against petitioners in the other, unrelated cases, in which Klock represents clients against petitioners.
In May 2012, the trial court conducted a hearing on the motion to disqualify attorney Klock. The court heard arguments that the respondent’s attorney gained an unfair informational advantage in other litigation against petitioners by representing the respondent, who had confidential knowledge of petitioners’ finances. The trial court denied the motion, finding that the unfair informational standard did not apply and cited a lack of proof that any confidential information had been divulged. Petitioners then filed this petition for writ of certiorari.
Certiorari is the proper method to obtain review of a trial court order disqualifying counsel. Event Firm, LLC v. Augustin, 985 So.2d 1174, 1175-76 (Fla. 3d DCA 2008). It is well-settled that disqualification of a party’s attorney is an extraordinary remedy to which courts should resort sparingly. Cont’l Cas. Co. v. Przewoznik, 55 So.3d 690, 692 (Fla. 3d DCA 2011). When considering a motion to disqualify counsel, a court “must consider the competing interests of maintaining professional standards and preserving client confidences [on the one hand], and on the other hand, permitting a party to hire their counsel of choice.” Kaplan v. Divosta Homes, L.P., 20 So.3d 459, 461-62 (Fla. 2d DCA 2009). A common law writ of certiorari is proper and will be granted when a trial court’s determination constitutes a clear departure from the essential requirements of the law resulting in material injury for the remainder of the ease that cannot be properly remedied on post-judgment appeal. Broin v. Phillip Morris Companies, Inc., 84 So.3d 1107 (Fla. 3d DCA 2012); Event Firm, LLC, 985 So.2d at 1175 (Fla. 3d DCA 2008). An order disqualifying counsel is reviewed on an abuse of discretion standard. Applied Digital Solutions, Inc. v. Vasa, 941 So.2d 404, 408 (Fla. 4th DCA 2006). “On mo *332 tions to disqualify, this standard is especially difficult to meet because the disqualification of counsel is left to the sound discretion of the trial court, as long as such discretion is exercised within the confines of the applicable law and the trial court’s express or implied findings are supported by competent substantial evidence.” Moriber v. Dreiling, 95 So.3d 449, 458 (Fla. 3d DCA 2012).
Petitioners rely on four cases in support of their claim that Klock should be disqualified from representing respondent because in the course of such representation, Klock will gain an unfair informational advantage in his other cases against petitioners. Specifically, petitioners rely on: State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla.1991); Frye v. Ironstone Bank, 69 So.3d 1046 (Fla. 2d DCA 2011); Adelman v. Adelman, 561 So.2d 671 (Fla. 3d DCA 1990); and Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986).
As the trial court found, these cases are not reasonably related. In each of these cases, the litigation was between related parties concerning related issues. In Fi-ye, Ironstone Bank retained counsel to file an action against Frye on a loan guarantee. Frye, 69 So.3d at 1047. Frye retained an attorney to represent him in a related action between Ironstone Bank and Frye. Id. at 1048. Frye subsequently discharged his attorney and filed a malpractice action against him. Id. The discharged attorney hired the same attorney to defend the malpractice action that Ironstone Bank had retained to pursue the action on the loan guarantee. Id. The district court held that the bank’s attorney had obtained an unfair informational advantage against Frye by virtue of his representation of Frye’s former counsel in the malpractice action. Id. at 1053.
In the underlying cause, it cannot be said, and no such allegation has been made, that Klock has obtained an unfair advantage in his representation of respondent in his defense of petitioners’ claims. Whether or not Klock obtains an unfair informational advantage in his representation of clients against respondent in other, unrelated matters is pure speculation at this time. Certainly, if petitioners believe at some point in the future that Klock has indeed obtained such unfair informational advantage in those cases, petitioners are free to seek Klock’s disqualification in the courts in whose jurisdiction the cases lie.
Furthermore, any claim that the respondent has disclosed confidential information to his own attorney that would breach Rule 4-1.6 of the Rules Regulating the Florida Bar is also unfounded. Rule 4-1.6, Rules of Professional Conduct, provides in pertinent part:
Rule 4-1.6 Confidentiality of Information
(a) Consent Required to Reveal Information. A lawyer shall not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.
[[Image here]]
(c) When Lawyer May Reveal Information. A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
[[Image here]]
(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client;
[[Image here]]
(4) to respond to allegations in any proceeding concerning the lawyer’s representation of the client;
[[Image here]]
*333 (e) Limitation on Amount of Disclosure. When disclosure is mandated or permitted, the lawyer shall disclose no more information than is required to meet the requirements or accomplish the purposes of this rule.
Here, petitioners waive their right to attorney confidentiality because they level a claim against their former attorney for legal malpractice. Respondent may disclose whichever confidential information that is necessary to defend himself or establish a claim against his former client to the extent that he discloses no more information than is required to meet the requirements of rule 4-1.6.
We thus conclude that the trial court correctly determined that respondent’s attorney received no informational advantage in his other cases against petitioners when he represented respondent. Furthermore, there is no violation of rule 4-1.6 at this time. Therefore, we deny the petition for writ of certiorari.
Petition denied.