# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1198
Lower Tribunal No. 18-42110
_____

**Akerman LLP, et al.,**
Appellants,

vs.

**MSP Recovery Claims, Series LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Gunster, and Angel A. Cortiñas, Jonathan H. Kaskel, and Lawrence G. Horsburgh, for appellants.

MSP Recovery Law Firm, and Christine M. Lugo, Ryan Susman, and John H. Ruiz; Armas Bertran Zincone, and J. Alfredo Armas, for appellees.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

EMAS, J.

Valerie Greenberg, Esq., and her law firm, Akerman, LLP, (together, "Akerman") counsel for defendants below, USAA Casualty Insurance Company and USAA General Indemnity Company (together, "USAA"), appeal a non-final order granting a motion filed by plaintiff below, MSP Recovery Claims, Series, LLC, et al. ("MSP"), to disqualify Angel Cortiñas, Esq., and his law firm, Gunster Law Firm, from their representation of Akerman on a previously filed and still-pending disqualification motion, also filed by MSP.

We have jurisdiction, see Florida Rule of Appellate Procedure 9.130(a)(3)(E), and upon review, we reverse the trial court's order disqualifying attorney Cortiñas and Gunster Law Firm from their limited representation of Akerman, and remand this cause for further proceedings.

The underlying litigation in this case is between plaintiff MSP and defendant USAA, which is represented below by Akerman. Nearly two years after Akerman entered a notice of appearance as counsel for USAA, MSP moved to disqualify Akerman, asserting Akerman and its attorneys had nonwaivable conflicts of interest due to their representation of other insurance companies in other, allegedly related, litigation. Attorney Cortiñas and his law firm, Gunster, then made a limited appearance below for the sole purpose of representing Akerman and Greenberg on MSP's motion to

2

disqualify Akerman and Greenberg from representing USAA in the underlying litigation. Despite the limited scope of representation by Cortiñas and Gunster, MSP amended its disqualification motion to add a request to disqualify Cortiñas and Gunster, on the basis that Cortiñas and Gunster also represent insurance companies in the other, allegedly related, litigation.

In response and opposition to the amended motion to disqualify, Akerman contended, inter alia, that (1) MSP had no standing to seek disqualification of Akerman's chosen counsel on the limited issue of defense counsel's disqualification; and (2) no rules of professional conduct were violated by attorneys Cortiñas or Greenberg, or by their respective law firms, to warrant disqualification.[1] The trial court rejected these arguments, ultimately disqualifying Cortiñas and Gunster from their limited representation of Akerman and Greenberg for the sole purpose of opposing MSP's motion to disqualify Akerman and Greenberg.

We agree that, as a matter of law, MSP was without standing[2] to seek disqualification of Cortiñas and Gunster. See Cont'l Cas. Co. v. Przewoznik,

---

[1] We decline the invitation to reach the separate issue of whether disqualification of Akerman and Greenberg as counsel for USAA would be proper, because the order on appeal was limited to the disqualification of Cortiñas and Gunster as limited counsel for Akerman and Greenberg.

[2] Contrary to MSP's contention, and in contrast to the circumstances considered by the Florida Supreme Court in State Farm Mutual Automobile Insurance Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991), the representation

3

55 So. 3d 690, 691 (Fla. 3d DCA 2011) (noting that "'disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly' and that a party generally does not have standing to seek disqualification where . . . there is no privity of contract between the attorney and the party claiming a conflict of interest." (quoting <u>Singer Island Ltd., Inc. v. Budget Constr. Co.</u>, 714 So. 2d 651, 652 (Fla. 4th DCA 1998)); <u>Anderson Trucking Serv., Inc. v. Gibson</u>, 884 So. 2d 1046, 1051 (Fla. 5th DCA 2004) (noting "attorneys are not fungible items that can be removed and conveniently replaced without causing undue hardship to the client and to the attorney.")[3]

We reverse and remand for the trial court to reinstate Cortiñas and Gunster, consistent with their written notice of limited appearance, as counsel "on behalf of Defendants' attorneys, Akerman LLP and Valerie B.

---

at issue in this case does not "call into question the fair administration of justice."

[3] Although it is unnecessary—given our legal determination that MSP was without standing in this case to seek the disqualification of Cortiñas and Gunster—to reach appellants' alternative argument, we agree that the trial court erred in determining Cortiñas and Gunster violated the Rules of Professional Conduct in their limited appearance filed on behalf of Akerman and Greenberg to represent them on the underlying motion to disqualify. <u>See</u> e.g., <u>Miccosukee Tribe of Indians v. Lehtinen</u>, 114 So. 3d 329 (Fla. 3d DCA 2013) (where no evidence that attorney received an informational advantage in other cases, there was no violation of the Rules of Professional Conduct).

Greenberg, Esquire, for the sole purpose of opposing Plaintiffs' motion to disqualify Akerman and Ms. Greenberg."

Reversed and remanded with directions.