# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0892
Lower Tribunal No. 24-24570-CA-01
_____

**Earl Takefman,**
Appellant,

vs.

**The Pickleball Club LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Earl Takefman, in proper person.

Boyd Richards Parker Colonnelli, P.L., and Brian J. Durham (Tampa), and Sharhonda Robinson-Edwards, for appellees.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

GOODEN, J.

This case concerns an attempt to disqualify an opposing party's counsel. Such attempts should be viewed with caution and skepticism as they can be used to harass the opposing party and counsel, or for other indecorous tactical reasons. Because the trial court did not abuse its discretion in repudiating these attempts, we affirm.[1]

Appellant Earl Takefman filed a lawsuit asserting several causes of action, such as fraud and civil conspiracy, against the Appellees. Each count is against all Appellees, collectively. The Appellees are The Pickleball Club, LLC, a developer and operator of private pickleball clubs, Brian McCarthy, its chief executive officer, and Matt Gordon, its chief financial officer. The law firm of Boyd Richards Parker Colonnelli represents all three Appellees. Upon taking on the joint representation, Boyd Richards Parker Colonnelli obtained informed consent from each Appellee. See R. Regulating Fla. Bar 4-1.7(b) (2025).

That said, Takefman moved to disqualify the law firm. He speculates that, due to the allegations in the complaint, one attorney cannot represent all the defendants and that this joint representation creates an irreconcilable conflict of interest. See R. Regulating Fla. Bar 4-1.7(a)(2). The Appellees

---

[1] We review orders on motions for disqualify counsel for an abuse of discretion. Phinney v. Phinney, 50 Fla. L. Weekly D207, at *2 (Fla. 3d DCA Jan. 15, 2025).

assert they waived any purported conflict through informed consent, and maintain that Takefman has not proven that an unwaivable conflict exists. Further, they argue that Takefman lacks standing to seek disqualification as there is no privity between Takefman and Boyd Richards Parker Colonnelli. After a hearing, the trial court denied the motion. It did "not find a conflict of interest that would require disqualification."

Above all, Takefman does not have—and never has had—an attorney-client relationship with Boyd Richards Parker Colonnelli. Cf. State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991) ("[O]ne seeking to disqualify opposing counsel was required to show that (1) an attorney-client relationship existed . . . ."). Generally, a party has no standing to seek disqualification of opposing counsel where they have never been represented by that attorney. See Akerman LLP v. MSP Recovery Claims, Series LLC, 338 So. 3d 309, 311 (Fla. 3d DCA 2022); Cont'l Cas. Co. v. Przewoznik, 55 So. 3d 690, 691 (Fla. 3d DCA 2011). There is a lack of privity. Takefman is a stranger to the relationship.

Yet the Rules Regulating the Florida Bar contemplate that in limited circumstances a person other than a client may seek disqualification. K.A.W., 575 So. 2d at 632. "Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may

3

properly raise the question."  R. Regulating Fla. Bar 4-1.7, Editors' Notes. See also Zarco Supply Co. v. Bonnell, 658 So. 2d 151, 154 (Fla. 1st DCA 1995); Kenn Air Corp. v. Gainesville-Alachua Cnty. Reg'l Airport Auth., 593 So. 2d 1219, 1222 (Fla. 1st DCA 1992).  Even so, Takefman's speculative allegations simply do not rise to this level.

Affirmed.